JOHN V. A. HOES, Appellant, v. ISAAC VAN ALSTYNE, Appellee.

### APPEAL FROM LA SALLE.

Where a party consents to enter his appearance in the Circuit Court, such consent does not authorize a judgment against him, unless a declaration was filed ten days prior to the return day of the process.

THE proceedings in this case were had before LELAND, Judge, at May term, 1854, of the La Salle Circuit Court.

The May term commenced on the 8th day of the month. The declaration was filed on the 18th of the same month; a rule was taken to plead, and no plea being filed, judgment was rendered against Hoes.

J. V. A. HOES, per se.

DICKEY and WALLACE, for Appellee.

SKINNER, J. On the 18th day of May, 1854, at the May term of the La Salle circuit court, Isaac Van Alstyne filed in said court his declaration, in assumpsit, against John V. A. Hoes, counting upon a promissory note, and on the same day, filed in said court the following paper:

" LA SALLE COUNTY CIRCUIT COURT.

John V. A. Hoes ads. Isaac Van Alstyne. I do hereby enter my appearance in this cause, and request the Clerk of said court to enter the same of record.

JOHN V. A. HOES.

OTTAWA, April 11, 1854."

At the same time, a rule was taken on Hoes to plead, judgment entered against him by nihil dicit, damages assessed by the clerk, and final judgment was rendered against him. Afterwards, at the same term, Hoes appeared, and appealed to this court.

The only question presented by the record, is, did the stipulation filed authorize rendition of judgment at the same term at which it was filed? We think it did not.

The statute provides that, if a declaration, with a copy of the instrument of writing or account sued on, is not filed ten days before the term at which the summons is returnable, the cause shall be continued at the plaintiff's cost, if the suit is commenced ten days before the term, unless the parties agree to have a trial at such term. Rev. Stat. 414, Sec. 8.

Where suit is commenced by summons, the defendant is not compelled to plead, and, therefore, cannot be in default at the

first term, unless summons is duly served and declaration filed ten days before such term.

The stipulation cannot be construed to be an agreement that a trial may be had, or that default may be entered upon filing a declaration at the term of the court next succeeding its execution. It only gets the defendant into court, effects his appearance ; and he had a right to defend, when lawfully called upon to do so, by declaration filed ten days before the term.

The stipulation can have no greater effect than to waive the issuing and service of summons ; and it may be doubted whether it would have authorized judgment at the same term at which his appearance was entered, if a declaration had been filed ten days before the term.

Judgment reversed and cause remanded.

*Judgment reversed.*