## GEORGE F. DART and A. J. LOTHERY

### *v.*

### CHRISTOPHER HERCULES.

1. APPEARANCE — *cures defective service of process.* In ejectment, the filing of the plea of not guilty is a full appearance, and waives the want of an affidavit of service; nor is the appearance withdrawn by withdrawing such a plea with leave of court. After withdrawing the plea, and before another is filed, plaintiff would be entitled to judgment *nil dicit.*

2. PATENT — *Swamp lands.* Under the act of congress, entitled "an act to enable the State of Arkansas, and other states, to reclaim swamp lands within their limits," the title to such lands vested as fully in the states as if they had been conveyed by patent.

3. SWAMP LANDS — *lists certified by auditor.* The act of the general assembly, entitled an "act to dispose of swamp and overflowed lands, and to pay the expenses of selecting and surveying the same," provides that a certified list of such lands, made out by the auditor of public accounts, shall be filed in the county clerk's office of each county, which shall be of the same force and effect as patents for school lands; and certified copies are made evidence. These certificates are evidence of title in the state and county, without conveyance or patent.

4. CONVEYANCE — *County may convey by commissioners.* Under the general law a county may convey land by a special commissioner appointed for that purpose. And under an act of the 16th of February, .1857, Livingston county was authorized to appoint a special commissioner to sell and convey its swamp

lands; and having appointed such a commissioner, his deed passed the title of the county to the purchaser.

5. ALLEGATIONS AND PROOFS. Where a declaration in ejectment counts for lands by the numbers of the government surveys, and also as being in the county of the court in which suit is brought, the proof of the land in controversy by the fraction of the section, the township, range and meridian, will be sufficient, unless it appears to be in a different county.

APPEAL from the County Court of Livingston county, the Hon. JOHN DUFF, County Judge, presiding.

This was an action of ejectment for the recovery of the N. W. N. E. 18, T. 27 N., R. 8 E., 3d principal meridian, commenced by Christopher Hercules against George F. Dart and A. J. Lothery, in the Livingston County Court. Service of the declaration and notice was proved to have been made on defendants on the 21st day of May, 1863. The declaration and notice were filed on the 1st day of June following. Afterwards, in vacation, the defendants pleaded to the action, and at the September term of the court, by leave, withdrew their plea.

At the same term a rule was entered requiring defendants to plead in twenty days; and on the 10th day of the following December they filed a plea of not guilty. At the same term defendants moved the court to dismiss the suit for the want of service, which was overruled; but leave was given the plaintiff to file an affidavit of service *nunc pro tunc*, which he did. A trial was had at the March term, 1864, of the court; and on impanneling a jury to try the cause, defendants challenged the panel because they were citizens of Livingston county, but the court overruled the objection, and the defendants excepted.

On the trial below, plaintiff read, against the objection of defendants, a certified copy of the list of " swamp lands " in Livingston county, made and returned by the State auditor duly certified, from which it appeared that the land in controversy was embraced in and formed a part of the list. Plaintiff then produced the record of the proceedings of the board of supervisors of Livingston county, and read an order of the board therefrom, against the objections of defendants, appointing J. B. Woolverton a commissioner to sell and convey the swamp

lands, also orders from the same record showing his confirmation as a commissioner, his bond and oath as such; all of which were excepted to by defendants.

Plaintiff then read a deed executed by the commissioner on behalf of the county, conveying the land in controversy to plaintiff; to the reading of which defendants excepted. The jury returned a verdict of guilty, and also found that plaintiff was the owner of the land in fee. Defendants thereupon entered a motion for a new trial, which was overruled by the court, and defendants excepted. The court rendered a judgment on the verdict, from which defendants appeal to this court.

The questions presented for decision are, whether, after pleading to the merits of the action, defendants, by withdrawing their plea, also withdrew their appearance, and whether plaintiff could recover without producing a patent for the land from the United States government; whether the county could convey this land by a special commissioner, and whether proof of the location of the land by the numbers of the section, township and range, without specific proof of the county in which it is situated, proves the venue laid in the declaration.

Messrs. CLARK and KELLER, for the appellant.

1. We submit that the court erred in not dismissing the said cause and discharging the rule to plead that was entered at the September term of said court, 1863, for the reason that there was no evidence before the court to authorize the court to act, and therefore the court had no jurisdiction of the defendants. The court is also referred to 1 Purp. Stat. 505, sec. 13 of the Ejectment Act; *O'Donnell* v. *Howes*, 27 Ill. 510.

2. We submit that the court erred in granting leave to the plaintiff below to swear to and file his affidavit of service of the declaration and notice after the defendants had moved the court to dismiss the cause, and after the entering of the rule to plead in said cause.

3. We submit to this court that the court below erred in not granting the motion of the defendants to strike the affidavit of plaintiff of service from file, for the reason that the same

was not filed till after the declaration and notice was filed and the rule entered to plead.

4. We submit to the court that the County Court of Livingston county should have overruled the motion of the plaintiff below, in which he asked leave to file the affidavit of service *nunc pro tunc*, first, for the reason that at the time the declaration and notice was filed, as the record in this cause shows, there was no form of an affidavit attached to the said declaration and notice. And we submit that there was nothing to warrant the said court in acting in the matter.

5. The County Court erred in overruling the objection of the defendants below to the jury, for the reason that they were residents of the county of Livingston. And as the court will see from the record in this cause that it was admitted by the plaintiff that they claimed title through the county, and therefore, we insist, they were not competent and legal jurors in said cause; first, from the fact that there is nothing in the act that created the said court, so far as we have been able to find, that made them competent. And we call the attention of the court to the act, and to the case of *John B. F. Russell et al.* v. *Richard J. Hamilton*, 2 Scam. 56, the court uses the following language : "That the court overruled objections to persons sitting on the jury who were inhabitants of township thirty-nine north, range fourteen east." The court erred.

We ask the court to examine that case, for we think it was conclusive of the question, and that this cause should be reversed for that reason if for no other.

The court is asked to examine, on the same point, *The Rock Island and Alton R. R. Co.* v. *Thomas Lynch*, 23 Ill. 645, in which the court uses this sort of language : " A challenge of a juror for such cause cannot be overruled; it must be allowed." Now, we find that in this case there was no power vested in the said court to overrule the said motion. *Russell* v. *Hamilton*, 2 Scam. 56 ; *Rock Island R. R. Co.* v. *Lynch*, 23 Ill. 645 ; 2 Johns. 191.

6. The court will see, by looking into the record, that there is no evidence to show that the government had parted with its

title to the land. We suppose that is no pretense, but the general government is the owner of all the titles in Illinois. The plaintiff in this cause claiming title in fee to the land, we must lay the foundation to prove title to this tract by showing a patent from the government to some person through whom he could purchase his title. And the court will see, by examining the evidence, that the plaintiff did not do so, and there is not any proof that the government has at this day parted with her title; and if so, then the plaintiff had no right to recover in this cause a fee simple title, minus a complete and absolute title to the land.

The court, on that subject, is referred to 1 Scam. 381; 1 Freeman's Dig. 548; 1 Cruise's Dig., Title, Real Estate, 844; 14 Ill. 309.

7. We submit that the court erred in overruling the objection of the defendants to the evidence of the plaintiff in this cause, because it did not tend to prove the issue in this cause, and because the issue was, that the plaintiff was the owner in fee of the said land, and that defendants were not guilty of detaining the same contrary to law. Now, we say that the plaintiff was bound to prove his title as laid in his declaration.

Mr. S. L. FLEMING for the appellees:

1. Appellants, by first, second, third and fourth errors assigned, claim that the court erred in allowing the filing of the affidavit of service of the declaration and notice, *nunc pro tunc,* at the December term, 1863. And as authority, in addition to the statute, refer to *O'Donnell* v. *Howes,* 27 Ill. 510, in which it appears the declaration and notice was served by the sheriff, who made his return in the ordinary form, not making oath to the same; a rule to plead was entered at the March term, 1861, and defendant not appearing, a judgment by default was entered at the ensuing June term. But in this case it appears from the record that defendants had filed their plea prior to the September term, 1863, (the same having been filed in vacation,) and at said September term defendants, by their attorney, John Clark, appeared in the case. The appearance being *gene-*

*ral*, not *special*, the *plea* previously filed was by leave of court withdrawn. But defendants did not withdraw their *appearance* in the case. At this term a rule to plead in twenty days was entered, and at the next December term an affidavit of service of declaration and notice was, on motion of plaintiff and by leave of court, filed *nunc pro tunc*. Now, appellee insists that appellants, having appeared in the case and plead, and not withdrawing their appearance at the time of withdrawing of the plea, the plaintiff had the right to have insisted upon a plea on a certain day of the said term of court, and that the defendants were not entitled to the benefit of the twenty day rule. Appellee admits that he could not have been entitled to judgment by default, without evidence of service, as provided by statute, if there had been no appearance. The general rule of law and of practice is, that a defective service, or no service at all, is cured by the appearance of the defendants.

In the case of *O'Donnell* v. *Howes*, there was no evidence of service, as required by § 13 Ejectment Act, filed at any time, and there being no appearance, the court very properly held that the judgment by default was erroneous; and this is the substance and extent of the decision in that case.

2. As an answer to appellants' 5th error, we refer to Scates' Comp., § 18, 300: "In all actions brought by or against any county, the inhabitants of the county so suing, or being sued, may be jurors or witnesses, if otherwise competent or qualified according to law." The authorities referred to by appellants are not in point— a town was the party in suit and in interest, in the cases in 2 Scam. 56, and 2 Johns. 191, and the case in 23 Ill. 645, the court merely held that a stockholder of a railroad company was incompetent to act as commissioner to assess damages.

3. Appellants, by their assignment of errors and instructions asked, contend that plaintiff should have produced a patent for the land in question from the United States to the State of Illinois.

The land was a part of the swamp lands belonging to the county of Livingston by virtue of the act of Congress, entitled

"An act to enable the State of Arkansas and other States to reclaim the swamp lands within their limits." Approved September 28, 1850. And an act of the legislature of the State of Illinois, entitled "An act to dispose of the swamp and overflowed lands, and to pay the expenses of selecting and surveying the same." Approved June 22, A. D. 1852. Session laws 1852, p. 178. Sec. 8 of the act amending the latter act, found on p. 21 of laws 2d session 1854, is as follows:

"The evidence of title from the general government, of the swamp and overflowed lands granted to this State by act of congress of September 28, 1850, shall be filed in the auditor's office, and as soon as practicable thereafter, the auditor of public accounts shall cause to be made out, for each of the several counties, a correct abstract or list of said lands; the correctness of which list shall be certified to by the said auditor, with the seal of his office attached thereto, and the lists so made out shall be sufficient evidence of the title of the lands therein described; said lists shall be forwarded by mail or other safe conveyance to the clerk of the county court of the proper county, and upon the receipt of such lists the said clerk shall file them in his office, and shall cause them to be recorded in a proper and well bound book. The list conveying the land as aforesaid, shall have the same *force and effect as patents issued for school lands*, and duly certified copies thereof shall be received in all courts, and have the same force and effect as the original lists so filed and recorded." Thus it appears that the legislature by this act has fully and completely settled the question raised by appellants. The certified copy of the list referred to, and which plaintiff offered, was read in evidence.

4. But the introduction of the said deed of conveyance was objected to for the reason that the same was executed by J. R. Woolverton, special commissioner of the county, instead of by the county clerk. By sec. 4 of an act to authorize the sale of swamp and overflowed lands in certain counties therein named (see Laws of 1857, p. 122), it is provided "In all of said counties (Kankakee, Livingston *et al.*) acting under said township organization, said written contracts and conveyances shall

26 — 34TH ILL.

be executed by a special commissioner, under his hand and private seal, to be appointed by said board of supervisors." It is conceded that the county of Livingston at the date of said deed was acting under the township organization laws, and were, at the time of passing the several orders offered as evidence from the record of the proceedings of said board of supervisors, and the court will observe that those orders show the appointment and qualification of said commissioner. (His said appointment as such commissioner is, however, not questioned by appellants.) The deed then was properly executed, and if executed by the county clerk, or any one else, the same would have been invalid. By reference to the record it will be seen that the record book of the board of supervisors was proved to be such by R. B. Harrington, the county clerk.

5. Appellants further insist that the court erred in entering final judgment on the verdict for the reason that the court could not tell in what county the land was. There is no force in this objection. The meridian range, township, section and subdivision are stated in the verdict, and there is no other tract of land of the same description in the United States. Having, as we believe, fully answered all the material (and some immaterial) objections made by the errors assigned, and the argument of appellants' counsel, we respectfully submit to the court that the judgment of the court below should be affirmed.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The only purpose of original process is to bring parties into court. And when the defendant enters his appearance, the object is accomplished, and it is not material whether the summons issued in the case was defective or not, or even whether it is ever issued. By an appearance to the action, the court acquires jurisdiction of the person of defendant as fully as it can be had by summons, with proper service. When he appears in the case it is an admission that he has been duly served, or that he waives service; and all the proceedings of

the court in the case are as valid and binding as if the process was regular and the service unobjectionable. By filing a plea in bar a full appearance was entered, which was not withdrawn by withdrawing the plea. After it was withdrawn, the appearance still remaining, plaintiff below was entitled to judgment *nil dicit*, at any time before another plea was filed.

It is, likewise, insisted that appellee was not entitled to recover without producing a patent from the United States government, to the State of Illinois, for these premises. They being swamp lands, the title vested in the State, by the act of congress entitled "An act to enable the State of Arkansas and other States to reclaim swamp lands within their limits," and approved September 28th, 1850. This act fully vested the legal title of such lands as were selected and appropriated under its provisions in the State. Government may pass title to its property by enactment as effectually as by a patent. When it is transferred in the latter mode, it is in pursuance of authority conferred upon a commissioner or agent appointed in pursuance of legislative enactment. Such agent only exercises the power conferred, and in the mode prescribed by the enactment. Such a law, in that case, is the foundation of the title, and operates as a deed or power of attorney, from the government to the agent. And if the government may confer the power upon an agent to convey, why not by enactment transfer the title to a purchaser or donee? There is no force in this objection.

The act of our legislature entitled, "an act to dispose of swamp and overflowed lands, and to pay the expenses of selecting and surveying the same," adopted at the session of 1852 (Sess. Laws, 178), and the amendatory act of 1854 (Laws of 2d Sess. 21), declares the evidence of title of the State shall be filed in the auditor's office, and that he shall cause to be made out, for each of the several counties, a correct abstract or list of such lands; the correctness of which he is required to certify under the seal of his office. And it is provided that the lists so made shall be sufficient evidence of the title of the lands therein described. The list is required to be filed in the county clerk's

office of the proper county, and to be recorded. It is also declared that this list shall have the same force as patents issued for school lands, and duly certified copies of the same shall have the same force and effect as the original lists so filed and recorded. The production, then, of a duly certified copy of the list recorded in the county clerk's office was, under this enactment, all that was required to show title in the State and county, and has the same force as a patent from the State for school lands. This list was produced and read in evidence on the trial below.

It is again objected, that the county could not convey by a special commissioner, appointed for that purpose, but that the deed should have been executed by the county clerk. At an early day in the legislation of the State, an act was adopted authorizing county courts to appoint agents to convey real estate belonging to such county. This enactment was incorporated in the revision of 1845, and remains unrepealed and in full force. But if it were doubtful whether that law conferred the power, by the act of the 16th of February, 1857 (Sess. Laws, 122), the county of Livingston is authorized to sell swamp and overflowed lands within its limits; and the act provides that each of the counties named in the act, and which was acting under township organization, may make written contracts and conveyances relating to such lands which are required to be executed by a special commissioner appointed for the purpose by the board of supervisors. The evidence shows that a special commissioner was duly appointed to sell and convey this land, and no error is discovered in admitting his deed in evidence. That deed, in connection with the legislation of congress and this State, shows a fee-simple title in appellee.

There is no force in the objection that the evidence fails to show that the land in controversy is situated in Livingston county. That fact was sufficiently proved by the number of the section, the township, range and meridian. The finding of the jury was warranted by the evidence, and any other would have been erroneous. No error is perceived in this record, and the judgment must be affirmed.

*Judgment affirmed.*