ELIAS J. BALDWIN

v.

JOHN W. McCLELLAND.

*Filed at Ottawa June 19, 1894.*

1. JUDGMENT—*in. attachment—power of court to vacate after term.* When the term of court at which a judgment is rendered closes, the power of the court over the judgment is at an end; and this is true notwithstanding the proceeding is in attachment, and the cause is continued on the docket after the judgment is rendered, for further proceedings against garnishees.

2. SAME—*cannot be attacked after term by amendment.* While the record of a judgment may be amended at a subsequent term, so as to show what the judgment in fact was, provided there is a memorandum, paper or minute to amend by, yet this rule does not permit the judgment itself to be attacked and set aside, on motion, at a subsequent term, because it is deemed to have been improperly rendered.

. 3. RECORD—*what constitutes—presumption in favor of court's action.* The pleadings, process and return, or their equivalent, by which the court acquires jurisdiction of the person, and the orders of court entered in the cause, are included in a proper record; and it will be presumed, in the absence of a bill of exceptions showing the contrary, that the court proceeded upon sufficient facts to warrant its judgment.

4. SAME—*entry of appearance is part of record.* A written entry of appearance filed in an attachment suit by the defendant is a necessary part of the record, and need not be included in a bill of exceptions.

5. APPEARANCE—*when deemed to be general.* Where a defendant in attachment appears, without limiting his appearance, and moves for a rule on the plaintiff to file a bill of particulars, he will be deemed to have appeared generally to the action, and such appearance gives the court complete jurisdiction of the person of the defendant, and authorizes the entry of judgment *in personam.*

6. PRACTICE—*effect of entry of appearance during term.* Where a defendant enters his appearance during the term, subsequently to the return day of process, and pleads to the action, or takes steps which require the plaintiff to proceed, a present appearance for all purposes will be deemed entered, and it will be conclusively presumed, the rights of the parties being reciprocal, that he intended to subject himself to trial at that term.

7. SAME—*notice not essential to authorize default upon appearance.* Where a defendant in attachment, not served with process, appears

during the term, and procures a rule on the plaintiff for a bill of particulars, he is bound to know that at the expiration of the rule the cause stands for trial, and that, if no plea is filed, default and judgment may be rendered against him without notice.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. S. P. MCCONNELL, Judge, presiding.

Appellee brought attachment in the circuit court of Cook county, against appellant. The Washington Park Club was served as garnishee. The writ was returnable and publication was made to the August term, 1891, of that court. The declaration not having been filed in time, the cause was continued until the September term. On September 23, being one of the days of said September term, this entry of appearance was filed:

"We hereby enter the appearance of the above defendant, and our appearance as attorneys for defendant.
CRATTY BROS., *Att'ys for Defendant.*"

On the same day there was filed a notice to plaintiff's attorneys that on Wednesday, September 23, at ten o'clock A.M., before Judge Tuthill, "we shall ask a rule on you to file a more specific bill of particulars, and a bond for costs," which was signed by the same attorneys and dated September 22, 1891, and served the same day. The transcript of the record filed shows that "on September 23, 1891, on motion of defendant's attorneys, plaintiff is ruled to file a more specific bill of particulars herein within ten days," and that, on motion, leave was given to file a bond for costs instanter. It further appears from the transcript that on September 25 a bill of particulars was filed. On October 17, 1891, which is conceded to have been the last day of said September term of said court, the following proceedings were had and entered of record in said cause:

"This day comes plaintiff, by his attorney, and it appearing to the court that defendant failed to plead

herein, on motion of plaintiff's attorney, ordered that the default of said plaintiff be taken, and the same is hereby entered herein of record for want of a plea filed, wherefore plaintiff ought to have of defendant his damages. Thereupon, reference is had to the court to assess the plaintiff's damages, and the court now, here, after hearing the allegations and proofs submitted by the plaintiff, and being fully advised in the premises, assesses plaintiff's damages at $3423.06. Therefore it is considered that plaintiff do have and recover of and from defendant said damages, $3423.06, as by the court assessed, and costs, and have execution therefor.''

And upon the same day a default was entered against the Washington Park Club, as garnishee, and the following conditional judgment rendered against it:

''And it further appearing that personal service of process issued herein has been had on the Washington Park Club, garnishee, and it being called comes not, nor any person for it, plaintiff herein makes default, which, on motion of plaintiff's attorney, is hereby entered herein, wherefore a conditional judgment ought to be entered against said garnishee. Therefore it is considered by the court that defendant, for the use of plaintiff, recover from said garnishee $3423.06, being the amount of the original judgment rendered herein, together with all plaintiff's costs and charges in this behalf expended, unless said garnishee, after being served with *scire facias* to be issued, shall show cause why above conditional judgment should not be made final and execution issued accordingly.''

On October 19, being the first day of the October term, 1891, of said court, an order was made and entered of record that *scire facias* issue against the garnishee.

It next appears by the bill of exceptions filed in the cause, taken upon the motion to vacate the judgment, that on October 21, 1891, being one of the days of the October term of said court, the defendant entered a

motion to set aside the judgment and default entered at the September term, (October 17,) and for leave to plead. The motion was continued, from time to time, until the June term, 1893, when it was overruled. From the judgment overruling the motion the defendant appealed to the Appellate Court, and also prosecuted a writ of error to reverse the original judgment. The two causes were considered together in the Appellate Court, and the judgment was affirmed.

Messrs. CRATTY BROS., JARVIS & CLEVELAND, for the appellant:

. A recital inserted by the clerk in the record, immediately following the judgment, to the effect that an exception was taken thereto, can not be regarded as a part of the record. *Jacksonville* v. *Cheny,* 39 Ill. App. 617.

Recitals of the clerk of the trial court, in the transcript of the record, as to what was done in a given case, are extra-judicial, and of no effect. *Lusk* v. *Parsons,* 39 Ill. 380; *Steffy* v. *People,* 130 id. 98; *Harris* v. *People,* id. 457.

Among the matters which are not part of the record, unless so made by bill of exceptions, are all motions for bills of particulars. Freeman on Judgments, (orig. ed.) sec. 79 ; *Nichols* v. *Bridgeport,* 27 Conn. 459.

We submit the following instances where this court has held that the papers of a case, when filed under the statute, do not become a part of the record unless made so by bill of exceptions : Affidavits in relation to the competency of a juror, and reasons for a new trial : *Hatch* v. *Potter,* 2 Gilm. 725. Papers read on the hearing of a motion to quash an execution : *Corey* v. *Russell,* 3 Gilm. 367. Affidavits and other papers used on motion to amend an execution : *Edwards* v. *Patterson,* 5 Gilm. 126. An affidavit on which the court would have reversed the case if they could have looked at it : *Edwards* v. *Vandemack,* 13 Ill. 633. Motion to set aside a judgment and quash an execution : *Roundy* v. *Hunt,* 24 Ill. 598. Copy

of an instrument sued on : *Franey* v. *True*, 26 Ill. 184. An affidavit in support of a motion for change of venue : *Schlump* v. *Reidersdorf*, 28 Ill. 68. A motion to set aside a default, with affidavits in support thereof : *Horn* v. *Neu*, 63 Ill. 539. Paper purporting to be a written challenge to the array of jurors attached to the record by the clerk, signed by the attorneys for the defendant : *Earll* v. *People*, 73 Ill. 329. Affidavits in support of a motion for a new trial : *Railroad Co.* v. *Easterly*, 89 Ill. 156. Affidavits of witnesses on re-taxing costs : *Railroad Co.* v. *Bowman*, 122 Ill. 600. In these cases the papers were required to be filed under the statute. Starr & Curtis' Stat. chap. 110, secs. 19, 64. Furthermore, all motions and rulings thereon, to become a part of the record, must be preserved by bill of exceptions. For instance, motion for a new trial : *Dickhut* v. *Durrell*, 11 Ill. 72. Exceptions to rulings on evidence : *Parsons* v. *Evans*, 17 Ill. 237. Motion for a new trial, and reasons therefor : *Daniels* v. *Shields*, 38 Ill. 197. Motion for a new trial, and court's action thereon : *Gill* v. *People*, 42 Ill. 321. Motion to strike plea from files, and ruling thereon : *Harms* v. *Aufield*, 79 Ill. 257. Motion for new trial, and exceptions to overruling : *James* v. *Dexter*, 113 Ill. 654. Motion to exclude attorneys employed to assist the State : *Burns* v. *People*, 126 Ill. 282. Exceptions to giving instructions and overruling motion for a new trial, and ruling thereon : *Harris* v. *People*, 130 Ill. 457. Exceptions to giving instructions, and overruling motion for new trial : *Railway Co.* v. *Cauley*, 148 Ill. 490.

Although papers may be copied into the record by the clerk, still this court is not at liberty to consider them unless they are incorporated in a proper bill of exceptions. See authorities *supra; Hatch* v. *Potter*, 2 Gilm. 725 ; *Holmes* v. *People*, 5 id. 478.

The paper purporting to be an appearance was clearly not a part of the record at common law, and there is no statute making it such.

It was error to render judgment without notice to the defendant of the assessment of damages. *Launtz* v. *People*, 113 Ill. 137; *Lyon* v. *Boilvin*, 2 Gilm. 629.

The trial court can, at any subsequent term, cause the record of any former term to be corrected so as to make it speak the truth in a matter of fact where the erroneous entry was made falsely, through mistake or otherwise, and may hear evidence to prove what correction ought to be made. *Church* v. *English*, 81 Ill. 442; *Ives* v. *Hulse*, 17 Ill. App. 30; *Lyon* v. *Boilvin*, 2 Gilm. 629; *Howell* v. *Morlan*, 78 Ill. 162; *Morrison* v. *Stewart*, 21 Ill. App. 113.

At common law, by writ of error *coram nobis*, the same court in which judgment was rendered might, at any time thereafter, vacate, recall or set it aside if it had been procured irregularly, contrary to the practice of the court, by fraud or misconduct of party, attorney or officer of the court, or through mistake or inadvertence, or for any error of fact, if it should be made to appear to the court that such default or judgment ought not to have been entered, and would not have been entered if the court had, at the time, been made fully aware of the situation. Rev. Stat. chap. 110, sec. 67; 2 Tidd's Pr. *1137–1142; 1 Archbold's Pr. 234; Barton's Law Pr. 172; Powell on Appellate Proceedings, secs. 10–19; 12 Am. and Eng. Ency. of Law, 126–128; Stephen's Pl. (Heard's ed.) 118; Black on Judgments, secs. 300, 307, 314, 326; Freeman on Judgments, secs. 96–99; *Pickett's Heirs* v. *Ledgerwood*, 7 Pet. 147; *Bronson* v. *Schulten*, 104 U. S. 410; *Huntington* v. *Finch*, 3 Ohio St. 445; *Allen* v. *McClellan*, 12 Pa. St. 328; *State* v. *Calhoun*, 32 Pac. Rep. 38; *Craig* v. *Wroth*, 47 Md. 281; *Edson* v. *Edson*, 108 Mass. 590; *Nealis* v. *Dicks*, 72 Ind. 374; *Ex parte Toney*, 11 Mo. 661; *Earle* v. *Earle*, 91 Ind. 27; *Sanders* v. *State*, 85 Ind. 318; *Walker* v. *Freelove*, 79 Ia. 752; *Baragwanath* v. *Wilson*, 4 Bradw. 80; *Tucker* v. *James*, 68 Tenn. 333; *Schoonmaker* v. *Albertson*, 51 Conn. 387; *Doan* v. *Glenn*, 1 Col. 154; *Bender* v. *Askew*, 3 Dev. 149; *Keaton* v. *Banks*, 10 Ired. 381;

*Wolfe* v. *Davis*, 74 N. C. 597; *Marr's Admrs.* v. *Miller's Sons,* 1 Hen. & Munf. 204; *Adler* v. *State*, 11 C. L. J. 484; *Heckling* v. *Allen*, 15 Fed. Rep. 196; *Lyon* v. *Boilvin*, 2 Gilm. 629; *Peak* v. *Shasted*, 21 Ill. 137; *Cook* v. *Ward*, 24 id. 295; *Mains* v. *Cosner*, 67 id. 537; *Church* v. *English*, 81. id. 442; *Life Ass. of America* v. *Fassett*, 102 id. 315; *Claflin* v. *Dunne*, 129 id. 241; *Morrison* v. *Stewart*, 21 Ill. App. 113; *Ives* v. *Hulce*, 17 id. 30; *Jansen* v. *Grimshaw*, 125 Ill. 468; *Howell* v. *Morlan*, 78 id. 162.

Mr. CHARLES H. ALDRICH, for the appellee:

The error as to the judgment comes up without a bill of exceptions. This is necessarily so, as the rule is conclusively established that no such exceptions can be taken unless made on the trial and during the proceedings in the lower court. *Morton* v. *Bailey*, 1 Scam. 213; *Clemson* v. *Dovinor*, id. 165; *Leigh* v. *Hodges*, 3 id. 15; *Metcalf* v. *Edmiston*, 25 Ill. 392; *Burst* v. *Wayne*, 13 id. 664; *Ritchie* v. *Wert*, 23 id. 385; *Dufield* v. *Cross*, 13 id. 699.

The paper entering defendant's appearance is a part of the record. *Harding* v. *Larkin*, 41 Ill. 423; *Stevison* v. *Earnest*, 80 id. 513; *Schirmer* v. *People*, 33 id. 282.

When the defendant in attachment is personally served, or enters his appearance, a personal judgment against him is proper. *Swift* v. *Lee*, 65 Ill. 338; *Mix* v. *People*, 106 id. 425; *Wilson* v. *Roots*, 119 id. 379.

Not only is an appearance sufficient to presume that proper jurisdiction has been obtained, but the mere fact that the defendant has appeared by his attorney, and taken part in a cause, will bring him within the court's jurisdiction. *Flake* v. *Carson*, 33 Ill. 518; *Miles* v. *Goodwin*, 35 id. 53; *Swift* v. *Lee*, 65 id. 336; *Miles* v. *Goodwin*, 35 id. 53.

Jurisdiction over the record is lost after the time judgment is entered. *Cook* v. *Wood*, 24 Ill. 295; *Smith* v. *Wilson*, 26 id. 187; *Cox* v. *Bracket*, 41 id. 222; *Savings Inst.* v. *Nelson*, 49 id. 171; *Wendell* v. *Hamilton*, 52 id. 182; *Lill* v. *Stookey*, 72 id. 495; *Humphreyville* v. *Culver*, 73 id. 485;

*Coursen* v. *Hixon,* 78 id. 339; *Becker* v. *Sauter,* 89 id. 597; *Goucher* v. *Patterson,* 94 id. 524; *Blake* v. *Miller,* 118 id. 500.

The writ of error *coram nobis* is confined to questions of fact, only. *Hawkins* v. *Bowie,* 9 Gill & J. 428; *Day* v. *Hamburgh,* 1 Browne, 75; *Phillips* v. *Russell,* Hempst. 62; *Roughton* v. *Browne,* 53 N. C. 393.

It is expressly denied in an attempt to correct all errors of law. *Hillman* v. *Chester,* 12 Heisk. 34; *Patterson* v. *Arnold,* 4 Coldw. 364; *Bigham* v. *Brewer,* 4 Sneed, 432; *Briddolph* v. *Zeller,* 3 Md. 325; *Fellows* v. *Griffin,* 9 S. & M. 362; *Williams* v. *Clay,* 5 Litt. 56; *Dinsmore* v. *Boyd,* 6 Lea, 689; *Hillman* v. *Chester,* 12 Heisk. 34.

We concede that the court has the power, after the term, to amend its records so as to correct clerical errors and mistakes of its officers, but such amendment must be made from the judge's minutes, and not from extrinsic evidence. *Railroad Co.* v. *Holbrook,* 72 Ill. 423; *Gillett* v. *Booth,* 95 id. 183; *Church* v. *English,* 81 id. 442; *Fielden* v. *People,* 128 id. 595; *Frew* v. *Danforth,* 126 id. 242; *Dougherty* v. *People,* 118 id. 160.

There may be cases in which the judge may amend from his personal knowledge or recollection, (*Dunham* v. *South Park Comrs.* 87 Ill. 185,) but in the case at bar the judge who entered the judgment is dead, and made no memorandum, at the time, of what occurred. In such case there is nothing to amend by. *Dougherty* v. *People,* 118 Ill. 160.

Not only must there be a memorial paper or minute to amend by, but this paper must be made and preserved as a part of the record. *Dougherty* v. *People,* 118 Ill. 160.

Mr. Justice Shope delivered the opinion of the court:

The motion to vacate the judgment and set aside the default, having been made at a term of the court subsequent to the term at which the judgment was rendered, was properly overruled. The court had lost jurisdiction

to vacate the judgment or set aside the default. *Cook* v. *Wood*, 24 Ill. 295; *Messervey* v. *Beckwith*, 41 id. 452; *McKindley* v. *Buck*, 43 id. 488; *Windett* v. *Hamilton*, 52 id. 180; *Knox* v. *Winsted Savings Bank*, 57 id. 330; *Mason* v. *McNamara*, id. 274; *Fix* v. *Quinn*, 75 id. 232; *Coursen* v. *Hixon*, 78 id. 339; *Becker* v. *Sauter*, 89 id. 596; *Constantine* v. *Wells*, 83 id. 192.

This was not an attempt to amend the record at a subsequent term of court, but an attempt to vacate and set it aside upon grounds *dehors* the record, and not appearing, by any minute kept by the judge, or stenographer's notes of what was heard or considered by the judge at the time of the entry of, the default and judgment, showing that a mistake had been made in the entry of the judgment. It is rather addressed to the discretion of the court, upon the ground that there was not sufficient evidence before the court to warrant the entry of the judgment, and because of the fact that the default had been taken without notice to the defendant. There is, perhaps, no rule better settled in this State than that in the cases last cited, that when a term of court closes at which a judgment has been rendered, the court has lost jurisdiction, and its power over the judgment is at an end. True, as already intimated, the record may, at a subsequent term of the same court, be amended so as to show what the judgment of the court in fact was, if there be a memorial paper or minute to amend by. But nothing of the kind is pretended here. It is not contended that the record does not correctly show the order and determination of the court, but it is sought to attack the judgment upon the ground that the court incorrectly determined in ordering the default and in entering the judgment. The cause was necessarily continued on the docket, after the rendition of the conditional judgment against the garnishee, for further proceedings against it upon due return of service of *scire facias.* (Rev. Stat. chap. 62, sec. 8.) But the judgment against the defendant in attachment

was a final judgment, and the power of the court over it was exhausted at the close of the September term, 1891, of the circuit court.    No further attention need be paid to the appeal from the order overruling the motion to vacate the judgment.

The writ of error was sued out to reverse the judgment rendered October 17, 1891, the last day of the September term of that court.    The record contains no bill of exceptions relating to or showing the facts precedent to the rendition of that judgment.    The real question, therefore, presented for consideration is, whether the record, as presented, discloses error fatal to the judgment.    It becomes of first importance to determine what constitutes the record, and how far the regularity of the proceedings may be questioned.

It is first insisted that the appearance of the defendant, entered by the paper filed September 23, 1891, could not be shown except by bill of exceptions showing the filing of said paper, and, therefore, that the record fails to show that the court had jurisdiction to render personal judgment against the defendant.    If the record shows an entry of personal appearance in fact, it follows, under the statute, that a judgment *in personam* was properly entered ; otherwise not.

In *Harding* v. *Larkin et al.* 41 Ill. 413, it was said: "The papers of a cause, when filed under our statute, become a part of the record, as fully as if copied into the record book of the court.    That act does not lend to them any additional force as parts of the record, nor are they generally even copied into the record book."    Again, in *Stevison* v. *Earnest*, 80 Ill. 513:    "Our practice with regard to the making of records of judgments is different from that which obtained at common law.    'The papers of a cause, when filed, under our statute, become a part of the record as fully as if copied into the record book of the court.' (*Harding* v. *Larkin et al.* 41 Ill. 423.)    'And transcripts of the record are made by copying the files and the orders

of court as entered of record by the clerk.' *Schirmer* v. *The People*, 33 Ill. 282." In *VanCott* v. *Sprague*, 5 Bradw. 99, the late Mr. Justice McAllister said : "The record proper in a suit at law consists of the process by which the defendant is brought into court, including the sheriff's return, the declaration, pleas, demurrer, if there is any; also any judgment upon demurrer, or other judgment, interlocutory or final."

To constitute a complete record it must be shown that the court had jurisdiction of the subject matter, jurisdiction of the person of the defendant, and the determination of the cause by the court. Hence the pleadings, the process and return of service, or its equivalent, by which the court acquired jurisdiction of the person, and orders of the court, are necessarily included in a proper record. A record thus made imports verity. The judgment has for its basis those essential prerequisites without which no valid judgment can be rendered, and it will be presumed, in the absence of a bill of exceptions showing the contrary, that the court proceeded according to law, and upon sufficient facts to warrant its entry.

Without pausing to determine what else may be included within the record proper, it is clear that if the court may acquire jurisdiction of the person of the defendant by the entry of appearance, such entry, standing in lieu of process, is a necessary part of the record. Moreover, the defendant appeared, without limitation of his appearance, and moved to rule the plaintiff to file a more specific bill of particulars. This was an entry of a general appearance, and the defendant could not afterwards object that he was not personally in court by the service of summons. As said in *Dart* v. *Hercules*, 34 Ill. 395 : "The only purpose of original process is to bring parties into court, and when the defendant enters his appearance the object is accomplished, and it is not material whether the summons issued in the case was defective or not, or even whether it was ever issued. By an appearance to the

action the court acquires jurisdiction of the person of the defendant as fully as it can be had by summons with proper service. When he appears in the case it is an admission that he has been duly served or that he waives service, and all the proceedings of the court in the case are as valid and binding as if the process was regular and the service unobjectionable." And so in *Miles* v. *Goodwin*, 35 Ill. 53, it is said: "It is insisted that there are such defects in the writ, and its service on Bradford S. Miles, as render the judgment erroneous. We deem it unnecessary to examine these various objections, as they were cured, if they ever existed, by his appearance to the action. After a default was entered he appeared and moved the court to set aside the default, which motion was allowed. He then entered a motion to dismiss the suit, which was overruled. By making these motions he fully appeared to the action, and if so, it could make no difference whether there was a defective writ or defective service, as his being in court rendered a writ and service unnecessary. If a defendant enter his appearance to a declaration, all attorneys know that a judgment is binding, although a writ was never issued or service had. The object, and only object, of the writ is to bring the party into court, and if he voluntarily enters his appearance the court has complete jurisdiction of his person." Many other cases to the same effect are to be found. They all proceed upon the theory that an appearance is waiver of the service of process.

The more important question perhaps is as to the effect of the entry of appearance during the term, as was done in this case. It seems to be insisted that the mere entry of appearance is to be treated in the same way as the service of process, and if the entry of appearance is not at such time that the plaintiff could be compelled by the defendant to proceed in the cause, the defendant would not be required to plead to the declaration. (See *Little* v. *Carlisle*, 2 Scam. 375; *Hoes* v. *Van Alstyne*, 16 Ill.

384.) We do not find it necessary to determine that question in this case, for the reason that the defendant not only made general entry of appearance, but took affirmative action to compel the plaintiff to take steps in the cause without any limitation of his appearance. The right of the parties to force each other to a trial of the cause, or to take any affirmative action therein, must be reciprocal, and if the defendant placed himself in condition to require the plaintiff to proceed, he could not do so without giving the right to the plaintiff to proceed. If the defendant, upon entering his appearance, pleads to the action, or takes such steps in the cause as require the plaintiff to proceed, a present appearance has been entered for all purposes, and the appearance is then to be deemed an appearance for the purposes of a trial. In the case at bar, instead of confining himself to a mere entry of appearance, the defendant moved the court for a rule on the plaintiff to file a more specific bill of particulars and a bond for costs, without limiting his appearance for that purpose. He could not require the court to proceed at that term, and compel the plaintiff to take affirmative action in the cause, without submitting to the jurisdiction of the court to compel such action. If he sought to compel the plaintiff to proceed, it must be conclusively presumed, the rights being reciprocal, that he intended to subject himself to a trial of the cause.

The court, on motion of the defendant, made September 23, 1891, entered a rule upon the plaintiff to file a bill of particulars within ten days. A bill of particulars filed two days later,—that is, September 25,—is contained in the transcript, and, being filed with the declaration, or as showing the items of plaintiff's cause of action declared for, is properly a part of the record. No further step seems to have been taken in the case from the 23d of September until October 17, when the default and judgment were entered. It is now insisted that the court erred in entering the default without notice to the

defendant of compliance with the rule to file the bill of particulars, etc.  This objection is, we think, without merit.  If the bill of particulars had not been filed in compliance with the rule, it would have been entirely competent for the defendant to have appeared, and, by the further order of the court, required compliance with it, or taken such further steps as would have been proper. A rule had been entered requiring the filing of the bill of particulars within ten days from the entry of the rule, and for that time the defendant might have relied upon receiving notice of further proceeding in the case, but upon the expiration of that time he was bound to know that the cause stood for trial, and, if no plea was filed, that default might be entered.  No rule of court is shown, even by the bill of exceptions preserving the evidence on the motion to vacate the judgment, requiring notice in such cases.  It has been so repeatedly held that a party being in court is bound to take notice of the steps taken in his cause, that we do not deem the citation of authorities necessary.

There having been an entry of appearance in the action, the court was authorized to render a personal judgment, and no discussion of the sufficiency of the service by publication is required.

Finding no substantial error in the record, the judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAIG, dissenting.