Stern v. Tuch.

---

## Daniel Stern v. Peter W. Tuch.

1. INSTRUCTIONS—*Proposition of Law as to Preponderance of Evidence.*—An instruction which tells the jury that if they believe from the evidence that the plaintiff has sworn positively that the defendant promised, etc., and that the defendant has sworn jus⸺

positively that he did not promise so to, etc., and if they further find from the consideration of all the evidence in the case that the testimony of the defendant is entitled to as much credit as that of the plaintiff and corroborated to the same extent as to that point, then they should find for the defendant, is bad.

2. EXCESSIVE DAMAGES—*Question of, Can Not be First Raised in the Appellate Court.*—When the question as to excessive damages has not been assigned as a ground for a new trial, it can not be raised on appeal in the Appellate Court.

**Memorandum.**—Assumpsit for services.   In the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding.   Declaration, common counts; plea, general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant.   Heard in this court at the October term, 1894, and affirmed.   Opinion filed December 6, 1894.

WAGNER & KENDIG, attorneys for appellant.

ARNOLD TRIPP, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

In the summer of 1892, the appellee was at work as a jeweler foreman for one Joseph Stern at a weekly salary of thirty dollars.   While so engaged, the appellant, who was a brother of Joseph, levied an execution in his own favor and against Joseph upon the jewelry store of Joseph, in which appellee was engaged.   Among the effects in the store was a quantity of unfinished jewelry that was not levied upon.   There is evidence that tends to show that the appellant felt an interest in |preserving the business that had been carried on by his brother, and that he directed appellee to go on and finish up the work that was unfinished and to take in any new work that might be offered, and that he, the appellant, would pay him the same salary that Joseph Stern had been paying him.   The appellee worked right along in that way and, as he testified, under that direction of appellant, for ten weeks, and this suit was to recover for such services, and resulted in the Superior Court in a verdict and judgment for three hundred dollars, being the full amount claimed.

There was a conflict in the evidence as to what the agreement was between appellant and appellee, but the verdict has settled that question.

It is not contended that any improper evidence was admitted, but it is urged that proper evidence was rejected. It would unnecessarily extend this opinion to refer in detail to the rejected evidence, and is enough to say that from an examination of such portions of it as counsel has directed our attention to, we are satisfied the rulings of the court below were correct. What was offered was immaterial and irrelevant to the real issue in the case, which was simply what was the contract between the parties.

It is next urged that the only instruction given for the plaintiff was improper. It was as follows: "If the jury believe from the evidence that the defendant hired the plaintiff to perform certain work and labor for him, the defendant, then your verdict must be for the plaintiff, and you will assess the plaintiff's damages at such a sum as you shall believe from the evidence the plaintiff is entitled to."

The instruction as an independent proposition is defective in omitting reference to performance by the plaintiff, but it is not here, and was not below, disputed, that appellee did whatever work his contract with appellant, whatever that contract may have been, required of him.

The controversy was not as to the fact whether appellee performed what he contracted to do, but was as to what that contract was, and so the instruction, although not embracing the whole legal proposition, should not be allowed to reverse the cause.

The next error urged, is, that an instruction offered by the appellant was not given. That instruction was as follows:

"The jury are instructed that if you believe from the evidence that the plaintiff has sworn positively that the defendant promised to pay him for the time he spent at the jewelry factory while it was in the hands of the sheriff, and that the defendant has sworn just as positively that he did not prom-

ise so to pay the plaintiff, and if you further find from the consideration of all the evidence in the case that the testimony of the defendant is entitled to as much credit as that of the plaintiff and corroborated to the same extent, then you should find for the defendant."

That instruction follows a form given in Sackett's Instructions (2d Ed.) p. 40, and has been expressly condemned by the Supreme Court, in Johnson v. The People, 140 Ill. 350, where a former decision sustaining the instruction was overruled. Same case, 40 Ill. App. 382.

The other objections to the judgment are answered by the verdict of the jury, except as to the judgment being for too much. It is not unlikely that the verdict was for too much by the sum of $25 given by the appellant to appellee, either as a present or to apply on compensation for services, and perhaps by a further sum of $30 received by appellee, but excessive damages was not assigned as a ground for a new trial, and it is a familiar rule that unless so assigned, the question can not be first raised on an appeal; the reason being that whatever could have been corrected in the court below, either by a change in the verdict or judgment by the trial court, or by a remitittur by the adverse party, must there be first presented, in order that an opportunity may there be had to correct the error. The judgment will be affirmed.