## Carl Dernburg et al. v. William E. Tefft et al.

1. Attachment—*Personal Judgment on Service of the Writ.*—Personal service upon the defendants of a writ of attachment issued in aid of a pending suit, gives the court jurisdiction to render a personal judgment against them.

Assumpsit.—Attachment in aid.    Appeal from the Superior Court of Cook County; the Hon. James Goggin, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

### Statement of the Case.

This appeal presents for review a personal judgment rendered by the Superior Court against appellants for the sum of $281.52 and costs of suit, based upon the service upon all the defendants of an attachment writ in aid, issued on July 9, 1895, the original suit having been commenced July 8, 1895.

The original summons, issued July 8, 1895, was returna-

ble to the August term, 1895, but was not served on the defendants; this writ was returned into court August 9, 1895.

On August 7, 1895, which was the third day of the August term, the appellants, Dernburg, Glick & Horner, filed a plea in abatement of the attachment writ.

The court, on August 9, 1895, proceeded to judgment. The record reads, " and it appearing to the court that due personal service of process of summons issued in said cause has been had on the defendants for at least ten days before the first day of this term, and they being now here three times solemnly called in open court, come not," etc.

MOSES, PAM & KENNEDY, attorneys for appellants.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It appears that the writ issued upon the attachment in aid was served upon each of the appellants July 11, 1895, twenty-five days before the August term, to which said writ was returnable.

The personal service upon appellants of the writ issued upon the attachment in aid, gave the court jurisdiction to render against them a personal judgment.

The statute, Sec. 34 of Chap. 11, R. S., after providing for attachments in aid and the issue of writs thereon, declares that, " when the defendant has been served with the writ, or appears to the action, the judgment shall have the same force and effect as in suits commenced by summons, and execution may issue thercon, not only against the property attached, but the other property of the defendant."

" The writ" mentioned is any writ issued in the attachment proceeding; manifestly, it can not mean the writ issued in a suit begun by summons, because the language is that the writ " shall have the same force and effect as in suits commenced by summons."

The court was authorized by the service had July 11th,

to render judgment August 9th. As to the appearance of the defendants August 7th, counsel say such appearance did not authorize, at the August term, a judgment against the parties appearing. As to which, see Crandall v. Birge, 61 Ill. App. 237.

In Baldwin v. McClelland, 152 Ill. 42, in an attachment proceeding, no personal service having been had, on an appearance at the September term, a personal judgment rendered at such term was sustained.

The judgment of the Superior Court is affirmed.