## John J. Curran v. Patrick Foley.

1. BILL OF EXCEPTIONS—*What it Need Not Show.*—A bill of exceptions is not the proper place for either a verdict or judgment to be shown; the record proper which preserves itself and needs no bill of exceptions is the appropriate and only necessary place wherein they should appear.

2. PRACTICE—*Objection to Amount of Damages Should be Made in Trial Court.*—An objection that the damages assessed against a defendant are excessive, can not be made for the first time on appeal.

Trespass on the Case, for a nuisance. Appeal from the Superior Court of Cook County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

GEORGE P. MERRICK, attorney for appellant.

JAMES MAHER, attorney for appellee; A. W. BROWNE, of counsel.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee had owned and occupied as a family residence and for renting purposes, for upward of twenty-five years, a house and lot on West Fourteenth street, Chicago.

From about 1888, the appellant began to occupy a lot adjoining that of appellee with a machine shop and factory, and this action was brought, in 1892, to recover damages for the depreciation occasioned thereby to appellee's property, because of noise and vibration and the casting of cinders, smoke and water upon appellee's premises.

A verdict for six hundred dollars, and judgment thereon, was recovered.

Appellee objects that the bill of exceptions does not show the amount of the verdict, nor of the judgment entered thereon, and argues that such omission is fatal to this appeal from the judgment.

A bill of exceptions is not the proper place for either a verdict or judgment to be shown.

The record proper, which preserves itself and needs no bill of exceptions, is the appropriate and only necessary place for a verdict and judgment to appear, and they do so appear here. Baldwin v. McClelland, 50 Ill. App. 645; same case, 152 Ill. 42.

We waive consideration of the other technical objections urged against the appeal.

The last one of the errors assigned by the appellant is that the damages are excessive. Appellant's motion for a new trial was in writing, and excessiveness of damages was not one of the grounds thereof. It is too late to raise the question for the first time on appeal. Stern v. Tuch, 55 Ill. App. 445; Brewer & Hoffman Co. v. Boddie, 162 Ill. 346; Hintz v. Graupner, 138 Ill. 158.

So far as the other assigned errors have been argued, we refer to the opinion in Curran v. McGrath (p. 566, this volume), filed herewith, which was a suit by another adjacent owner to recover because of the same nuisance.

The judgment is affirmed.