### Emil Werner et al. v. Emily Evans.

1. APPELLATE COURT PRACTICE—*Objections Which Must be First Made in the Trial Court.*—The objection that there is no proof of the *locus in quo* (venue) comes too late when made for the first time in the Appellate Court.

2. SAME—*Award of Damages Excessive.*—The objection that the award of damages is excessive, must be made in the trial court. It can not be raised for the first time in the Appellate Court.

3. PRACTICE—*Nunc Pro Tunc Orders Making the Judgment Correspond with the Verdict.*—Where the judgment was not entered in accordance with the verdict it may be made to correspond with it by a *nunc pro tunc* order entered to remedy the defect.

4. DAMAGES—*Elements of, in Actions for Lost Baggage.*—In an action against a common carrier for the loss of baggage, the jury may properly assess the damages for such articles of necessity and convenience as are usually carried by passengers for personal use and comfort, instruction and amusement, or protection, having regard to the object and length of the journey.

Action for Loss of Baggage.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed March 29, 1901.

ARTHUR R. WOLFE, attorney for appellants.

Arthur W. McGovney, attorney for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is a suit against appellants, doing an express and storage business, to recover for a valise and contents, said to have been lost while in their hands for conveyance. The suit was originally brought before a justice of the peace, by whom judgment was entered against the only one of appellants who was then served with process. Upon appeal from that judgment the Circuit Court issued a summons which was served upon the other defendant. Both appellants being thus in court, appellee's appearance was entered, and upon notice in the usual form, the case was placed upon the short cause calendar, and at the trial a verdict was returned and judgment entered thereon in favor of appellee, from which judgment this appeal comes.

It is first complained that there is no proof of the *locus in quo*, and it is said that there being no written pleadings upon such an appeal to the Circuit Court, it was essential to prove the venue. It is sufficient to say that it is too late to raise the objection for the first time in this court. Such omission, if omission there was, could have been immediately cured had attention been called to it. It has been held so often that such objection would not be considered here for the first time, it can not be necessary to cite authorities.

The second objection relied upon is that the original judgment was not in accordance with the verdict. That is true, but upon calling the attention of the Circuit Court to the error or omission, an order was entered *nunc pro tunc*, so as to include both defendants in the judgment which had originally been entered only against one, and by this correction the judgment corresponds with the verdict. It was entirely proper for the Circuit Court to thus correct its judgment by its own record of the verdict. Gibbie v. Mooney, 121 Ill. 255 (258).

It is next urged that the award of damages is excessive. This objection was not one of the reasons urged for a new

trial, and is not assigned as error in this court. . It can not be raised for the first time on appeal, even had it been assigned for error.    Curran v. Foley, 67 Ill. App. 543. However, we discover nothing in the evidence which would justify us in disturbing the jury's finding upon this simple issue of fact.

It is, however, argued that the damages in this case could only be computed upon the basis of the market value of the goods lost, less the cost of transportation, and that the evidence fails to disclose such market value.    The valise, according to the evidence, contained articles of personal apparel, toilet articles and certain record books, used by appellee in her vocation as nurse.    The valise was received by appellants for transportation within city limits.    It contained mostly such baggage as a traveler might reasonably be expected to carry.    The liability of appellants was that of a common carrier, and their obligation that of an insurer. Merchants' Des. Trans. Co. v. Bolles, 80 Ill. 473 (476).    In the case of Parmelee v. Fischer, 22 Ill. 212 (213), the jury were instructed to assess the damages for such articles of necessity and convenience as are usually carried by passengers for personal use and comfort, instruction and amusement or protection, having regard to the object and length of the journey, which was declared to be the law of the case.    We think the record books in question might reasonably be included in the articles which, without imposition on the carrier, appellee could properly have carried in such valise, and for the loss of which she is entitled to be compensated at such valuation as from the evidence the jury should find.    The said books were, it appears from the evidence, implements used in her vocation as nurse, and such as she might properly include with her garments, also used in such employment, as part of her reasonable baggage.    It was not necessary to show that the books had a general market value in order to prove what they were reasonably worth to appellee.    This evidence was not disputed, and we discover no reason to interfere with the finding and judgment.

The judgment of the Circuit Court will be affirmed.