## Minerva Barnes, Defendant in Error, v. Chicago City Railway Company, Plaintiff in Error.

### Gen. No. 18,250.

1. JUDGMENT, § 298*—*power to vacate after term.* After the expiration of the term at which judgment is entered, the court in which it is entered is without jurisdiction to vacate it or set it aside by an order entered in that case.

2. JUDGMENT, § 252*—*motion to correct after term.* Error of fact in a judgment may be corrected by the trial court after the judgment term on motion under Practice Act, sec. 89, J. & A. ¶ 8626.

3. JUDGMENT, § 271*—*nature of motion to correct judgment.* Although the motion substituted for the common law writ of error *coram nobis* under Practice Act, sec. 89, J. & A. ¶ 8626, is entitled in the case in which the judgment sought to be corrected was entered, and is filed among the papers in that case, it is not in fact a step in the case, but is, like a writ of error, a new suit in which original pleadings are filed, process issued and served, issues made up and final judgment entered.

4. JUDGMENT, § 268*—*time for motion to correct or vacate.* A motion to correct or vacate a judgment under Practice Act, sec. 89, J. & A. ¶ 8626, may be made at any time within five years after the entry of the judgment sought to be corrected.

5. APPEAL AND ERROR, § 292*—*finality of judgment on motion to correct or vacate.* A judgment entered on a motion to correct or vacate a judgment under Practice Act, sec. 89, J. & A. ¶ 8626, is a final judgment and subject to review by appeal or writ of error.

6. JUDGMENT, § 272*—*requisites of motion to correct or vacate.* A motion to correct or vacate a judgment under Practice Act, sec. 89, J. & A. ¶ 8626, must be in writing, and must show some meritorious right to be enforced, of benefit to the mover. The notice provided for constitutes the process, and its service gives jurisdiction of the parties. The errors assigned in the motion take the place of the declaration, and issues of fact or of law may be made up thereon.

7. JUDGMENT, § 298*—*power to vacate after term.* Where a judgment of dismissal is entered on stipulation without the consent of the plaintiff, such judgment can be vacated only on motion pursuant to Practice Act, sec. 89, J. & A. ¶ 8626, after the expiration of the judgment term.

8. APPEAL AND ERROR, § 1330*—*presumptions.* Where a judgment of dismissal was vacated on motion after the expiration of the judg-

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

ment term, jurisdiction below will be presumed, on appeal, to have been assumed under the provisions of Practice Act, sec. 89, J. & A. ¶ 8626.

9. JUDGMENT, § 298*—*sufficiency of motion to vacate.* A motion, not in writing, to vacate a judgment of dismissal, made after the expiration of the judgment term, which assigns no errors, and of which no written notice was given, is insufficient to confer jurisdiction to vacate the judgment.

10. APPEAL AND ERROR, § 329*—*appeal or error from void judgments.* Appeal or error lies from an order vacating a judgment after the lapse of the judgment term, which order was void because of the insufficiency of the motion to confer jurisdiction under Practice Act, sec. 89, J. & A. ¶ 8626.

11. JUDGMENT, § 283*—*validity of order vacating judgment.* An order vacating a judgment after the expiration of the judgment term is void where the motion therefor was insufficient to confer jurisdiction under the provisions of Practice Act, sec. 89, J. & A. ¶ 8626.

Error to the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed. Opinion filed February 4, 1914.

JOHN E. KEHOE and C. LE ROY BROWN, for plaintiff in error; LEONARD A. BUSBY, of counsel.

MARY E. MILLER, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Defendant in error brought suit in the Superior Court for personal injuries. Issues were joined and the case stood at the foot of the docket. By stipulation entered into September 22, 1910, the case stood subject to call for trial on five days' notice. On January 10, 1911, the following order was entered in the case: "On the stipulation of the parties to this suit filed, it is ordered that said cause be and is hereby dismissed without costs." This order was entered at the instance of plaintiff in error, and without notice to

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

defendant in error. On June 27, 1911, defendant in error made her oral motion to set aside the judgment of January 10, 1911, and to reinstate the cause, which motion was allowed November 18, 1911, and an order was entered by the terms of which the relief prayed for by the motion was granted. To reverse this order or judgment of November 18, 1911, this writ of error is prosecuted. A motion of defendant in error to dismiss this writ of error has been taken with the case. The ground of this motion is that the order of November 18, 1911, was interlocutory and not subject to review by appeal or writ of error.

It will be observed that the motion to vacate the judgment of January 10, 1911, was not made during the term at which the judgment was entered.

After the expiration of the term at which a judgment is entered, the court in which it is entered is without jurisdiction to vacate it or set it aside by an order entered in that case. *Baldwin v. McClelland,* 152 Ill. 42; *Humphreyville v. Culver, Page, Hoyne & Co.,* 73 Ill. 485; *Coucher v. Patterson,* 94 Ill. 525; *Johnson v. Gillett,* 52 Ill. 358; *Green v. Union El. R. Co.,* 118 Ill. App. 1; *Glaefke v. Western Electric Co.,* 145 Ill. App. 383; Black on Judgments, vol. 1, secs. 26, 27.

Errors of fact may be corrected by the trial court after the judgment term on the motion substituted by section 89 of the Practice Act (J. & A. ¶ 8626), for the common-law writ of error *coram nobis.* While that motion is entitled in the case in which the judgment sought to be corrected was entered, and is filed among the papers in that case, it is not in fact a step in that case, but is, like a writ of error, a new suit in which original pleadings are filed, process issued and served, issues made up and final judgment entered. *Domitski v. American Linseed Co.,* 221 Ill. 161; *Mitchell v. King,* 187 Ill. 452. That motion may be made at any time within five years after the entry of the judgment sought to be corrected. Section 89, ch. 110, R. S. (J. & A. ¶8626.) A judgment entered in that proceeding is a

final judgment and subject to review by appeal or writ of error. *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516.

That motion must be in writing. It should show some meritorious right to be enforced, of benefit to the mover. The notice provided by that section is the process. The service of such notice gives jurisdiction of the parties. The errors assigned in the motion take the place of a declaration, and issues may be made up on such assignments of error. The opposite party may demur and thereby form an issue of law or may deny the facts or plead matters in avoidance. *Mitchell v. King, supra; Cramer v. Illinois Commercial Men's Ass'n, supra.* If he does nothing he should be ruled to plead, and if he fails to comply with the rule the court may then proceed to hear and determine the motion, or, more properly, the case, as on default.

The relief sought by the motion of June 27, 1911, and that which the court attempted to give by the order of November 18, 1911, was such as could only be obtained by the motion provided by section 89 referred to. We will not presume that the court attempted at a term subsequent to the term at which the judgment sought to be set aside was entered, to set it aside on a motion entered in that case, in view of the well-settled law that it had then no jurisdiction to enter such an order, but we must assume that in entering the order the court was attempting to exercise the jurisdiction which would have been acquired, if the recognized practice under section 89 had been pursued, and which could have been acquired in no other way.

In *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516, the Supreme Court said:

"We will not presume that the court attempted to examine, revise or correct its action for an error of law at a subsequent term, in view of the long established rule that it would have no power to do so. (*Pisa v. Rezek,* 206 Ill. 344.) The motion was intended to allege errors of fact and unquestionably the action of the court was based on a finding that there were such

errors. That being so, the law allowed an appeal from the order as in any other case of final judgment. Citing *Mitchell v. King*, 187 Ill. 452, and *Domitski v. American Linseed Co.*, 221 Ill. 161.''

The motion on which the order or judgment here complained of was entered was not in writing. No issues were made up on errors of fact assigned on the motion. In fact, no errors were assigned on the motion. No notice of the filing of a motion in writing was given, ''reasonable'' or otherwise. Nor was the motion made at the term at which the judgment sought to be set aside was entered. The court was, therefore, even treating this motion as being made under section 89 of the Practice Act, without jurisdiction to enter the order, and the same is void. Appeals and writs of error lie to remove void judgments from the record. Elliott on Appellate Procedure, sec. 110; *Leary v. Dyson*, 98 Ind. 317; *Bishop v. Moorman*, 98 Ind. 1. The Appellate and Supreme Courts of this State are constantly entertaining appeals and writs of error where the mooted question is whether the judgment of the lower court is void or not and where such judgments are held to be void and are removed from the record by an order of reversal. An interlocutory order presupposes a final order to follow, predicated on or in some way connected with or influenced by it. No final order can be predicated on a void order. For the purpose of appeal or writ of error such an order cannot be regarded as interlocutory. *Barry v. Briggs*, 22 Mich. 201; Words and Phrases, vol. 4, p. 3715.

The order or judgment of November 18, 1911, although void, was subject to review on appeal or writ of error.

The motion of defendant in error to dismiss this writ of error is, therefore, denied, and the judgment of the Superior Court is reversed for the reason that by the motion as made the court did not acquire jurisdiction to set aside the judgment of January 10, 1911.

In view of the possibility that the Superior Court may yet be called upon to pass on the merits of a motion made under section 89 of the Practice Act, supported and resisted by facts not disclosed by this record, we refrain from discussing in this opinion the merits of the facts presented here.

*Judgment reversed.*