## Mrs. Vaclav Rolenec, Defendant in Error, v. Marie Rolenec, Plaintiff in Error.

### Gen. No. 23,437.

1. APPEAL AND ERROR, § 360*—*when release of errors in cognovit not conclusive upon maker of judgment note.* The release and waiver of errors in a *cognovit* on a judgment note are not conclusive upon the maker as to an error going to the question of the jurisdiction of the court to enter an order vacating a judgment entered at a previous term.

2. APPEAL AND ERROR, § 783*—*when bill of exceptions sufficient.* On writ of error to reverse a judgment on a judgment note, bill of exceptions examined and *held* sufficient to present the questions involved.

3. APPEAL AND ERROR, § 1703*—*what does not constitute waiver of claim of error in vacating judgment.* The mere fact that a party, who refuses to testify or to offer evidence, is present in court at the hearing of a case on its merits, is not such a participation in the hearing as amounts to a waiver of his contention that the court erred in allowing a motion to vacate a judgment entered in his favor at a previous term of court.

4. JUDGMENT, § 78*—*when for costs not vacated.* The equitable power of a court to open, at a subsequent term, a judgment by

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

confession based upon a *cognovit* will not be extended to a judgment for costs obtained by a defendant against the plaintiff.

5. JUDGMENT, § 298*—*when may be set aside after lapse of term.* Generally a court is without jurisdiction to set aside a judgment after the lapse of the term at which it was rendered, except as authorized by Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), providing for the correction of errors in fact.

6. APPEAL AND ERROR, § 1330*—*when presumed court not acting beyond jurisdiction in setting aside judgment.* Where a court enters an order setting aside a judgment entered at a previous term, it will not be presumed that it was attempting an act in excess of its jurisdiction but that it was acting pursuant to the authority given by Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), providing for the correction of errors of fact at a subsequent term.

7. JUDGMENT, § 272*—*what is purpose and effect of statute abolishing writ of error coram nobis.* While Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), abolished the writ of error *coram nobis*, it did not abolish the essentials of the proceedings incident to that writ, but they remain the same in nature.

8. JUDGMENT, § 274*—*what is nature of motion to correct errors in fact in proceedings.* A motion to correct errors in fact in the proceedings of courts of record under Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), is the commencement of a new suit in which new issues are made up, and on which there must be a finding and judgment, and the motion stands in the place of the declaration.

9. JUDGMENT, § 274*—*necessity of written motion for correction of errors in fact.* The trial court has no jurisdiction to enter an order under Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), relating to correction of errors in fact in proceedings in courts of record, where no written motion is filed.

10. APPEAL AND ERROR, § 495*—*when objection as to absence of written motion to correct error of fact may be first raised on appeal.* On appeal from a judgment entered under Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), relating to correction of errors in fact in proceedings in courts of record, the objection may be raised for the first time that no written motion was filed in the trial court.

11. JUDGMENT—*when party not precluded from obtaining relief by motion to correct errors in fact.* The fact that plaintiff, in a proceeding under Rev. St. ch. 110, sec. 89 (J. & A. ¶ 8626), relating to correction of errors in fact in proceedings in courts of record, failed to file a written motion, which objection is raised on appeal, will not thereafter preclude him from obtaining the relief sought if he presents his motion in writing within the time fixed by the statute and complies with its other requirements.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Rolenec v. Rolenec, 210 Ill. App. 329.

Error to the Circuit Court of Cook county; the Hon. RICHARD
S. TUTHILL, Judge, presiding.  Heard in the Branch Appellate Court
at the October term, 1917.  Reversed.  Opinion filed April 24, 1918.

ANTON PECIVAL, for plaintiff in error; JAMES S.
WIGHT, of counsel.

WILLIAM ANNAN TAYLOR and PHILIP H. McGRATH,
for defendant in error.

MR. JUSTICE THOMSON delivered the opinion of the
court.

The defendant in error obtained a judgment in the
trial court on March 19, 1915, for the sum of $243.93
against the defendant upon a judgment note purport-
ing to be signed by the defendant and her husband,
then deceased.  On April 15, 1915, on motion of the
defendant, Marie Rolenec, the trial court entered an
order staying execution upon the judgment, allowing
the judgment to stand as security, and giving defend-
ant leave to file her appearance and to plead within 10
days, which time was later extended 5 days by order
of court.  The defendant filed her appearance April
15th and her pleas April 29th.

The next order entered by the trial court was under
date of October 27, 1916, and, although it is referred
to by both parties and treated as an order of dismissal
of the cause, it reads as follows:

"This cause, being called for trial, come the parties
to this suit, by their attorneys respectively.  There-
upon, upon agreement of the parties to this suit, now
here made in open court, this cause is submitted to the
court for trial without a jury, and the court now, after
hearing all the evidence adduced, and being fully ad-
vised in the premises, finds the issues for the defend-
ant.

"Therefore, it is considered by the court that the
judgment heretofore, on March 19, A. D. 1915, ren-
dered herein, in favor of the plaintiff and against the

defendant, by confession, be and the same is hereby set aside and vacated, and the defendant have and recover of and from the plaintiff here costs and charges in this as well as in that behalf expended, and have execution thereof.''

Thereafter, on January 10, 1917, pursuant to notice served on the attorney of the defendant on the previous day, the plaintiff presented to the court a motion to set aside the order of October 27th, which motion was allowed, the order of the court being as follows:

''On motion of attorney for the plaintiff, it appearing to the court that said cause had, through inadvertence and mistake on the part of the clerk of this court, been wrongfully placed on the court call under an improper and misleading designation and an order improperly entered herein dismissing said cause, and that the court was without jurisdiction to enter said order of dismissal.

''It is hereby ordered that the records of this court be corrected and that said order sustaining the motion to vacate said judgment and dismiss said suit, be and the same is hereby vacated, set aside and expunged from the records of this court and said cause hereby placed on the regular trial call of this court. To which order, vacating said order of dismissal, the defendant duly excepted and it is further ordered that defendant have twenty days within which to file a bill of exceptions herein.''

It appears from the record that the cause came on to be heard further on its merits on March 20, 1917, on which day the trial court entered an order reciting that leave was given the defendant to present her evidence and show any defense she might have to the note sued on, but that she made default or refused to testify or offer any evidence of any defense and that the plaintiff offered proofs on her part. The order concluded: ''That the plaintiff's judgment (of March 19, 1915) stand, and that the plaintiff be and she is hereby given leave to proceed by execution or otherwise to enforce said judgment.''

The defendant contends that the order of the trial court entered March 20, 1917, was void and of no effect for the reason that it is based upon the order of the trial court entered January 10, 1917, which order was void by reason of the fact that the court was then without jurisdiction to enter an order vacating the judgment which the court had entered in favor of the defendant at a previous term, and that the judgment should be reversed.

It is urged by the plaintiff that the release and waiver of errors in the *cognovit*, upon which the judgment was entered, are conclusive upon the defendant as to any and all errors in the record. The error complained of by the defendant in the case at bar is not such an error as is released by a waiver of errors in a *cognovit*. Such a waiver of errors is not conclusive upon the maker as to alleged errors going to the question of the jurisdiction of the court to enter the judgment. *Krickow v. Pennsylvania Tar Mfg. Co.*, 87 Ill. App. 653; *Little v. Dyer*, 35 Ill. App. 85. It is of such an error that the defendant here complains.

It is next urged by the plaintiff that the record presents no question to this court for review inasmuch as the bill of exceptions is insufficient. The bill of exceptions includes all that took place before the trial court on January 10, 1917. It recites that on that date the plaintiff moved the court to vacate the order of October 27th, and it includes the notice which the plaintiff then exhibited to the court, the affidavit exhibited by the plaintiff, and a recital of the testimony submitted to the court in the shape of a notice of the court call of the trial judge in question, published in the Chicago Daily Law Bulletin of October 26th, and also notice appearing the following day, in the same publication, reciting the orders which had been entered by the said judge on October 27th. The bill of exceptions concludes with a recital of the order entered by the court January 10th and the exception of the defend-

ant to the entering of the same. We deem this bill of exceptions sufficient to present to this court the questions which are involved in this writ of error. *Chase v. De Wolf*, 69 Ill. 47; *Zimmerman v. Cowan*, 107 Ill. 631, 637; *Baldwin v. McClelland*, 152 Ill. 42.

It is next contended by the plaintiff that the defendant waived any error which the trial court may have committed in entering the order of January 10th by participating in a trial of the issues on the merits the following March. This contention of the plaintiff is not borne out by the record, from which it appears that, although the defendant was in court at the time the court took up the case for further consideration, March 20, 1917, and although the defendant was given leave to show any defense she might have to the note, she declined to testify or offer any evidence of any defense. Her mere presence in the court, as indicated by the record, was not such a participation in the hearing of the merits as would amount to a waiver of her contention that the court erred in entering the order of January 10th, setting aside the previous judgment which had been entered in her favor.

In answering the defendant's contention that the court was without jurisdiction on January 10th to set aside the judgment which had been entered in October, at a previous term of the court, the plaintiff urges that courts of law exercise an equitable jurisdiction over judgments entered by confession, even though the term has lapsed at which that judgment was entered. This is true, but it is not applicable to the issue involved here. The equitable power of the court to open a judgment by confession has nothing to do with its power to set aside a judgment in favor of the defendant against the plaintiff in such an action. The reasons for extending equitable powers to the court, in case of a judgment by confession based upon the *cognovit,* are in no way present

in the case of a judgment against the plaintiff for costs.

The relief sought by the plaintiff, in the motion of January 10th, and which the trial court attempted to give, by the order of that date, was such as could only be obtained by a motion coming within the provisions of section 89, ch. 110, Ill. Rev. St. (J. & A. ¶ 8626). As a general rule, a court is without jurisdiction to set aside a judgment after the lapse of the term at which it was rendered, but the section referred to creates an exception to that general rule and provides that all errors in fact committed in the proceedings of any court of record and which, by the common law, could have been corrected by a writ of error *coram nobis,* may be corrected by the court in which the error was committed upon motion, in writing, made at any time within 5 years after the rendition of final judgment in the case, upon reasonable notice. As has been stated by this court before, in connection with a similar case, we will not presume that the court attempted, at a term subsequent to the term at which the judgment sought to be set aside was entered, to set it aside on a motion entered in that case, in view of the well-settled law that it had then no jurisdiction to enter such an order, but we must presume that, in entering the order, the court was attempting to exercise the jurisdiction which is provided for by section 89. It is contended by the defendant that, even though the motion is considered as having been made under the provisions of section 89, it is insufficient by reason of the fact that it does not meet the requirements of that section, as it must if it is to be upheld as one authorized by that section. While the statute abolished the writ of error *coram nobis,* it did not abolish the essentials of the proceedings incident to that writ, which, in nature, remain the same. *Mitchell v. King,* 187 Ill. 452, 457. Such a motion as this is the commencement of a new suit, in which new issues are made up, on which there

must be a finding and a judgment, and the motion stands in the place of the declaration. It is pointed out by the defendant that the motion in question, the allowing of which by the trial court resulted in the setting aside of the judgment previously entered by the court, was not in writing, as required by the statute. A similar motion, in a case very much like the case at bar, was held to be insufficient for this reason, and an order of the trial court allowing the motion and setting aside the judgment was reversed in the case of *Barnes v. Chicago City Ry. Co.*, 185 Ill. App. 148. Plaintiff contends that defendant is raising this question for the first time in this court and that therefore it should not now be entertained, citing *Domitski v. American Linseed Co.*, 221 Ill. 161. That case is not in point. There a written motion was filed which was allowed. On appeal the plaintiff in error contended that the motion did not on its face disclose any error in fact, and that the trial court was therefore in error in entertaining it as a motion made under this provision in the statutes. The court held that the question thus raised was one of law, and that in order to preserve it for review the plaintiff in error should, under the rules of practice applicable to suits at law in which declarations are filed, have saved that question in some appropriate way recognized by law, and that inasmuch as he had failed to do so, the judgment of the trial court would have to be affirmed.

In the case at bar we have a record as to this motion, analogous to one in a suit at law showing no declaration had ever been filed, and the court had entered judgment for the plaintiff on his oral pleading over defendant's objection, and, to which judgment, defendant had preserved his exception. The plaintiff never filed his written motion as the statute requires. It is not to be found in the record which is certified to be complete. Such being the case, the trial court never had any jurisdiction to enter its order of January 10th,

by virtue of the provisions of the statute referred to. That being the case, that order was void and of no effect and all subsequent proceedings are also void.

However, the plaintiff will not be precluded from having the matter he sought to get before the court by his motion of January 10th, duly considered and passed upon, provided he presents his motion within the time allowed under section 89 and complies with the requirements therein specified.

For the reasons given, the judgment of the trial court will be reversed.

*Reversed.*