## Leroy Harris, Appellant, v. Chicago House Wrecking Company, Appellee.

### Gen. No. 27,015.

1. APPEAL AND ERROR—*sufficiency of assignment of error in dismissing cause for want of jurisdiction.* Alleged error of the lower court in dismissing a cause which had been previously dismissed for want of prosecution and then reinstated on verbal motion showing the dismissal to have resulted from errors of fact, be- ·cause the motion should have been in writing to confer juris- diction to reinstate after the term had passed, is sufficiently pre- served for review by an assignment to the effect that "said court erred in dismissing said cause."

2. APPEAL AND ERROR—*review of final judgment entered on mo- tion on cross error attacking sufficiency of motion.* An order made under Practice Act, sec. 89, Cahill's Ill. St. ch. 110, ¶ 89, restoring to the calendar, after term, a cause which through errors of fact had been stricken therefrom and dismissed for want of prose- cution, being a final appealable order, error in making such order on an insufficient motion can be corrected only by appeal or writ of error from the judgment entered upon proper assignment of error in the reviewing court, and where a motion for leave to assign cross error on the ground that the motion was insufficient has been duly made in the reviewing court, such motion will be allowed and the cross error considered as duly assigned.

3. MOTIONS AND ORDER—*written motion essential for restoration of cause to calendar after term.* Where a cause has been stricken from the calendar and dismissed for want of prosecution, through errors of fact and the term has passed, a motion to reinstate the cause made under Practice Act, sec. 89, Cahill's Ill. St. ch. 110,

¶ 89, abolishing the writ of error *coram nobis*, and providing that all errors of fact, committed in the proceedings of any court of record, may be corrected in such court, upon motion in writing made within five years after the rendition of the final judgment in such cause, must be made in writing, and a verbal motion confers no jurisdiction on the court to restore the cause to the calendar, even though written notice of motion and copies of the supporting affidavits have been served on the opposing counsel.

Appeal from the Circuit Court of Cook county; the Hon. DONALD L. MORRILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed October 18, 1922.

CHARLES H. ALDRICH and GEORGE W. PLUMMER, for appellant; WHARTON PLUMMER (TODD & PLUMMER), of counsel.

WILLARD M. McEWEN, MENZ I. ROSENBAUM and ISADORE S. BLUMENTHAL, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

By this action the plaintiff, Harris, sought to recover a judgment for damages against the defendant, by reason of personal injuries, suffered by him while in the defendant's employ. The plaintiff duly filed his declaration and the defendant its plea of not guilty. Thereafter, on July 18, 1914, an order was entered, striking the cause from the docket. On June 17, 1915, this case, with others which had been stricken from the docket, was redocketed and placed on the trial call, and on the following day, June 18, 1915, the case being called for trial and no person responding, it was dismissed for want of prosecution. On October 15, 1915, the attorney for the plaintiff served a notice on the attorney for the defendant, advising him that on the following day he would appear in the circuit court, before the Honorable Frederick A. Smith, one of the judges of that court, "and ask

to have the above entitled cause reinstated on the docket," submitting, in support of the motion, the affidavit of the plaintiff's attorney, a copy of which was attached to the notice. This affidavit was to the effect that "through a mistake and inadvertence in his office," the cause had been "stricken off of the calendar" on July 18, 1914; and that inasmuch as he had no knowledge that the case had been so stricken off, he did not know that the case was within an order which had been entered in the circuit court on January 22, 1915, which called for the making up of a calendar of all common-law cases, stricken from the docket, from the date of the Chicago Fire down to and including December 31, 1914; and that being ignorant of these facts, "the case was again stricken from the last-named calendar on June 18, 1915."

It appears from the record that, pursuant to this notice, the motion therein referred to was duly made before Judge Smith, on October 16, 1915, on which date Judge Smith entered the following order: "On motion of Charles H. Aldrich, solicitor for plaintiff and over the objections of the attorney for the defendant to the jurisdiction of the court to enter such order, it is ordered and directed that this cause be restored to the docket of this court and stand for trial in its regular order."

On January 30, 1918, on motion of the plaintiff, the case was passed, to be taken up on five days' written notice by either of the parties. It subsequently was reached on the trial call of another judge, who set it for trial on May 21, 1919. By mistake of a minute clerk, it was noted for trial on April 21, 1919, and was duly reached for trial by another judge on April 28, 1919, and when the case was then called for trial, the plaintiff failing to appear, the case was again dismissed for want of prosecution. On May 22, 1919, the plaintiff again, through his attorney, notified the defendant of his motion to vacate the last order of

dismissal. This motion was duly heard, and on June 5, 1919, which was within the term, an order was entered vacating the order of dismissal of April 28, 1919, and the case was reinstated. It was again continued on plaintiff's motion on July 8, 1919.

On March 7, 1921, the cause was again reached and called for trial, whereupon, objections were made by the defendant to the further consideration of the case, and to the jurisdiction of the court as to parties and subject-matter, whereupon the court sustained the objections and entered a finding and order to the effect that the court "lost jurisdiction of said cause at the time of the first order of dismissal (June 18, 1915) herein appearing on the record, and has never regained such jurisdiction, and that no further proceedings should or can be had therein, and said cause should no longer appear upon the docket." Exception to the entering of this order was duly preserved by the plaintiff and by this appeal he seeks to have the order reversed.

The defendant contends that there can be no review of this record on the assignments of error made by the plaintiff. The first assignment of error pointed out and urged by the plaintiff is to the effect that "the said court erred in dismissing said cause." That assignment refers of course to the order of March 7, 1921, wherein the court found that it had previously lost jurisdiction of the case and that no further proceedings should or could be had therein and that said cause should no longer appear upon the docket of the court. While the wording of the assignment of error may not be accurate, we consider it sufficient to present the questions involved in the entering of the order of March 7, 1921, to this court for review.

In presenting the motion of October 16, 1915, seeking to have the case "reinstated on the docket," plaintiff was, in effect, asking the court to vacate the

order of dismissal of June 18, 1915, and reinstate the case, and that was, in substance, the court's order as entered on October 16, 1915, the wording of which was "that this cause be restored to the docket of this court, and stand for trial in its regular order."

In prosecuting this appeal, the plaintiff takes the position that the motion of October 16, 1915, pursuant to which the order of Judge Smith was entered, was a proceeding under section 89 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 89], which abolishes the writ of error *coram nobis*, and provides that all errors of fact, committed in the proceedings of any court of record, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice. In this connection it is urged by the plaintiff, citing *Barnes v. Chicago City Ry. Co.*, 185 Ill. App. 148, that this court will not presume that Judge Smith, at a term subsequent to the term at which the judgment, then sought to be set aside, was entered, attempted to set it aside on a motion entered in that case, such motion not being a proceeding under section 89, in view of the fact that under the law he then had no jurisdiction to entertain such a motion, but that this court must presume that, in entering the order, Judge Smith was attempting to exercise the jurisdiction which is provided for by section 89. And, in this connection, the plaintiff further contends that the order entered by Judge Smith was a final and appealable order, and, not having been reversed by appeal or writ of error, it stands as a final order and entitles him to a trial, of the issues joined, by a jury.

Answering this contention of the plaintiff, the defendant urges that in making his motion, on which the order of October 16, 1915, was entered, the plaintiff failed to comply with the provisions of section 89, and that, therefore, Judge Smith was without jurisdiction

to set aside the order of dismissal, which had been entered at a previous term, and reinstate the case, and the order was thus void.

That the order of October 16, 1915, was a final appealable order is not controverted. That being the case, it follows, as was held in *Domitski v. American Linseed Co.*, 221 Ill. 161, that "the error, if any, in holding the motion sufficient can only be corrected by appeal or writ of error from the judgment rendered in the particular case, upon proper assignments of error in the court of review." The defendant has duly submitted its motion in this court for leave to assign cross error to the effect that the order entered by Judge Smith was error, and that motion has been reserved to the hearing. The motion will be allowed and we shall consider the cross error as duly assigned.

It is quite clear from an examination of the record that at the time the motion was made by the plaintiff on October 16, 1915, before Judge Smith, assuming, as the plaintiff contends, that the motion was a proceeding under section 89, the plaintiff failed to comply with the provisions of that section for he did not file his motion in writing as the section requires. The motion, therefore, failed to give the court jurisdiction. *Barnes v. Chicago City Ry. Co.*, 185 Ill. App. 148. The fact that the plaintiff served a written notice of his motion on the defendant, supported by his affidavit in writing setting forth his reasons for making the motion, and that the notice and affidavit were duly filed, will not supply the lack of the written motion which the statute requires. Although the motion in the nature of a writ of error *coram nobis,* which is provided for by that section, is made in and bears the same title as the cause in which it is made, it is, as has often been pointed out, in the nature of a separate proceeding, and the motion constitutes the plaintiff's pleading, and if the defendant wishes to raise and preserve questions of law, going to the sufficiency of

the motion, the proper way to accomplish it is by demurrer filed to the motion. A notice of motion and supporting affidavit, though in writing, cannot be considered as the plaintiff's pleading, for they do not constitute such a document as would give the defendant an opportunity of demurrer should he wish to question the legal sufficiency of the motion.

A very similar situation was presented to this court in the case of *Rolcnec v. Rolenec,* 210 Ill. App. 329, and we hold here, as we did there, that the record which is presented as to this motion is analogous to one in a suit at law, showing that no declaration had ever been filed but that the court had entered judgment for the plaintiff on his oral pleading, over objection of the defendant. Such a judgment would, of course, be void. In our opinion the defendant has sufficiently preserved the alleged error in the entering of the order pursuant to this motion of the plaintiff. His objection to the entering of the order is noted in the order itself. As the order was void, the defendant was in a position to attack it at any time by such a motion as was made by it at the time the order was entered from which this appeal was taken. If the plaintiff had filed a written motion, as the section requires, the defendant could not have preserved questions of law going to the sufficiency of the motion merely by noting his objection to the jurisdiction of the court, but it would have been necessary for him to demur to the motion, or file his motion in writing, asking the court to strike the plaintiff's motion, by reason of its alleged insufficiency in law. *Mitchell v. King,* 187 Ill. 452, and *Domitski v. American Linseed Co.,* 221 Ill. 161. But, where the defendant has filed no written motion, but, nevertheless, the court enters the order prayed for therein, we have a void order in a proceeding which lacks the written pleading required by the statute to support it. The defendant has attacked that order by his motion duly made in

the trial court, and it is, therefore, in a position to resist this appeal on the ground of the invalidity of the order in question.

Of course, we would reach the same result if we considered the motion made by the plaintiff on October 16, 1915, pursuant to which, Judge Smith entered his order, as a motion made other than under section 89, for, obviously, the term having gone by at which the suit of the plaintiff had been dismissed, Judge Smith was without jurisdiction to entertain such a motion.

For the reasons stated, the order appealed from is affirmed.

*Affirmed.*

TAYLOR and O'CONNOR, JJ., concur.