(No. 15211.—Reversed and remanded.)
## LEROY HARRIS, Appellant, *vs.* THE CHICAGO HOUSE WRECKING COMPANY, Appellee.

*Opinion filed December 16, 1924.*

1. PRACTICE—*what constitutes sufficient motion under section 89 of Practice act—collateral attack.* An affidavit of counsel setting forth facts relied upon as grounds for re-instating a case which had been dismissed at a previous term is sufficient to constitute a motion, under section 89 of the Practice act, where the last sentence of the affidavit is addressed to the court and asks that the "cause may be re-instated and set down for trial;" and where the sufficiency of such motion is not questioned and no appeal or writ of error is sought to review the court's ruling in allowing the motion, the ruling is binding on all the parties, and any subsequent proceeding before another judge or court is a collateral attack.

2. SAME—*errors of fact, only, can be reviewed by motion under section 89 of Practice act.* A final judgment can be reversed or recalled by motion, under section 89 of the Practice act, for errors of fact, only.

3. SAME—*practice on motion under section 89 of Practice act is same as at common law.* While section 89 of the Practice act abolishes the writ of error *coram nobis,* the practice on the hearing of a motion under said section is governed by the same rules as prevail at common law under said writ, and the errors of fact that may be corrected under the statute are such errors as could have been corrected under the writ.

4. SAME—*motion under section 89 of Practice act is a new suit.* The motion under section 89 of the Practice act amounts to a declaration in a new suit to reverse or recall the judgment it is intended to correct, and such suit is independent of the proceeding in which the judgment sought to be set aside was rendered.

5. SAME—*what constitutes a motion.* A motion is an application made to a court for a rule or order, and it must be brought to the attention of the court and the court asked to act upon it.

6. SAME—*when no question of law can be reviewed as to sufficiency of declaration.* Where the sufficiency of a declaration is not questioned by demurrer, by filing a plea of *nullo est erratum,* by motion to dismiss, or by some other proper mode to test the validity thereof in the trial court, on appeal no question of law can arise in the Appellate or Supreme Court as to the sufficiency of the declaration.

7. SAME—*ruling on objections must be preserved by bill of exceptions.* In order to preserve for review a ruling upon objections of a party, whether the same be as to the jurisdiction of the court or otherwise, such objections must be preserved by a bill of exceptions, or its equivalent, under the Practice act, and such objections or exceptions cannot be preserved by mere recitals in the judgment or order.

8. SAME—*when order is sufficient to re-instate cause.* An order that a cause which had been dismissed be restored to the docket of the court and stand for trial in its regular order is sufficient to re-instate the cause.

9. SAME—*defects in pleadings and proof cannot be questioned collaterally.* Where a court has jurisdiction of the subject matter and of the parties, defects in the pleadings and in the proofs are not sufficient to reverse the judgment on collateral attack.

APPEAL from the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. DONALD L. MORRILL, Judge, presiding.

CHARLES H. ALDRICH, and WHARTON PLUMMER, for appellant.

WILLARD M. McEWEN, MENZ I. ROSENBAUM, and ISADORE S. BLUMENTHAL, for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

On July 2, 1913, appellant, Leroy Harris, filed his declaration in the circuit court of Cook county against appellee, the Chicago House Wrecking Company, for personal injuries alleged by him to have been received in December, 1911, while in the employ of appellee on the Isthmus of Panama, in territory of the United States. Appellee filed a plea of not guilty. On July 18, 1914, an order was entered by one of the circuit judges of Cook county striking the case from the docket. On June 17, 1915, this case,

with others which had been stricken from the docket, was re-docketed and placed on the trial call for the following day by the peremptory order of one of the circuit judges. The case was called for trial on June 18, 1915, and was dismissed for want of prosecution. On October 16, 1915, after the term had expired in which the order was entered dismissing the cause for want of prosecution, the attorney for appellant gave notice to appellee's attorney that he would appear before a judge of the circuit court of Cook county and ask that the cause be re-instated on the docket. It appears from the files in the case that the following motion and statement, subscribed and sworn to by Charles H. Aldrich before a notary public, was also filed:

"Charles H. Aldrich, being first duly sworn, on oath states that in the above entitled cause, through mistake and inadvertence in his office, the said cause was stricken off of the calendar on July 18, 1914; that having no knowledge that the case had been so stricken, affiant was not advised and had no knowledge that it was a case within the order of January 22, 1915, and did not, therefore, look for the case in the calendar, made up pursuant to said order, of all common law cases stricken from the docket from the date of the Chicago fire to and including the 31st day of December, 1914, and being so ignorant the case was again stricken from said last named calendar on June 18, 1915; that a great and irreparable injury will be done to plaintiff in said cause if it is not re-instated, owing to the fact that the Statute of Limitations will have run, and that said injury has resulted through the oversight in affiant's office of the fact that said cause was originally stricken. Affiant therefore asks that the said cause may be re-instated and set down for trial at such time as the court may direct."

On October 16, 1915, on a hearing on the foregoing motion, this order was entered by the court, Hon. Frederick A. Smith presiding as judge: "On motion of Charles H. Aldrich, solicitor for plaintiff, and over objections of the

attorneys for the defendant to the jurisdiction of the court to enter such order, it is ordered and directed that this cause be restored to the docket of this court and stand for trial in its regular order." The cause was again placed on the trial calendar pursuant to said order and assigned to Judge Barrett, and upon call it was ordered set for trial May 21, 1919, but by mistake of the clerk of the court it was placed on the trial call for April 21, 1919, and called for trial on April 28, 1919. Appellant failing to appear it was dismissed for want of prosecution, at the costs of the plaintiff. This order of dismissal was set aside pursuant to notice and other proceedings, under section 89 of the Practice act, on June 5, 1919, before Judge Barrett as presiding judge. This order was not challenged or questioned by appeal or writ of error, and the case was again placed on the trial calendar for July 1, 1919, and on July 8, 1919, an order was entered continuing the cause generally. On March 7, 1921, the cause was again called for trial before Judge Morrill, and appellee filed its objection to the further consideration of it by the court for the alleged reason that jurisdiction of the cause had been lost by the order of dismissal of June 18, 1915; that Judge Smith had no jurisdiction to enter the order on October 16, 1915, restoring the cause on the docket and ordering it to stand for trial in its regular order, and that all orders thereafter entered were invalid and without jurisdiction. The court sustained the objection and entered an order finding that it "lost jurisdiction of said cause at the time of the first order of dismissal herein appearing on the record and has never regained such jurisdiction, and that no further proceedings should or could be had thereon and said cause should no longer appear on the docket." To this order of the court appellant excepted and appealed to the Appellate Court for the First District. That court affirmed the order appealed from and has granted a certificate of importance and an appeal to this court.

The order of Judge McGoorty of June 18, 1915, dismissing the suit for want of prosecution, was undoubtedly a final, appealable order in the case. It disposed of the case entirely, and unless the order was set aside within the term in which the order was made under the equitable powers of the court, or reversed by appeal or writ of error, or under section 89 of the Practice act, the court's jurisdiction of the cause was completely lost and a further consideration of the case by the trial court for any purpose would not be warranted under the law. Appellant's contention is that the order dismissing the suit was revoked or recalled by the order of Judge Smith of October 16, 1915, and that the cause was thereby re-instated. He also contends that the proceeding under which Judge Smith entered the order was a proceeding under section 89 aforesaid, and that Judge Smith so regarded it. We must assume that this latter position is correct, as a proceeding under such section was the only one applicable or available to appellant, as the term had expired in which the order of dismissal had been entered. We are also of the opinion that the order of dismissal was effectively recalled and the cause by his order re-instated, and as the order has never been reviewed by writ of error, appeal or by *certiorari,* the judgments of the Appellate Court and the circuit court must be reversed.

Section 89 of the Practice act abolishes the writ of error *coram nobis* and provides that all errors of fact committed in the proceedings of any court of record which by the common law could have been corrected by said writ may be corrected by the court in which the error was committed, on motion made at any time within five years after the rendition of the final judgment in the case, upon reasonable notice. We have frequently stated that a final judgment under such section can be reversed or recalled by the trial court for errors of fact, only, and we have pointed out very clearly what errors of fact, when alleged and proved, are sufficient to warrant the recall or reversal of such a judg-

ment. We have held that though this section of the statute abolishes the writ of error *coram nobis,* still the practice under said section is governed by the same rules of practice as prevail at common law under said writ, and that the errors of fact that may be corrected under the statute are such errors as could have been corrected under the writ it abolishes. The motion provided for under the statute is the plaintiff's declaration in the new suit to reverse or recall the judgment, and our decisions point out distinctly what the motion or declaration shall contain and how it shall conclude. We have very distinctly and positively held that the motion is the commencement of a new suit at law in which new issues are made up, and that such suit is independent of the proceeding in which the judgment sought to be set aside was rendered and an entirely different suit at law. We do not deem it necessary to discuss matters of practice under this section further, but we refer to the decisions and the cases in them cited in which the holdings have been made as aforesaid and under which we make the decision in this case without further reference to them: *Domitski* v. *American Linseed Co.* 221 Ill. 161; *People* v. *Noonan,* *276* id. 430; *Chapman* v. *North American Life Ins. Co.* *292* id. 179; *Smyth* v. *Fargo,* 307 id. 300; *Marabia* v. *Thompson Hospital,* 309 id. 147.

The sworn statement of Charles H. Aldrich was his written motion and allegation of facts under section 89 of the statute and is to be treated as his declaration in his new suit for the recall or the revoking of the order dismissing his other suit. The fact that it was sworn to made it no less a motion under the statute, setting up such facts as he deemed sufficient and proper to constitute a good declaration. A motion is an application made to a court for a rule or order. It must be brought to the attention of the court and the court be asked to act upon it. (2 Pope's Legal Definitions, 986.) The last sentence of the affidavit contains these words addressed to the court: "Affi-

ant therefore asks that the said cause may be re-instated and set down for trial at such time as the court may direct." We apprehend that if the quoted words had been addressed to the court on a separate sheet and had stood alone there could be no serious question about their constituting a motion. Surely they would have been so considered if the word "moves" had been substituted for the word "asks" in the quoted sentence. There is little or no difference in the meaning of the two words. So we hold that this was a declaration or motion setting forth alleged facts under section 89 of our statute. Whether or not this declaration on its face discloses such errors of fact as would be sufficient to recall a judgment is immaterial in the consideration of this case. Appellee failed to raise any question of law concerning the sufficiency of this declaration by demurring to it or by filing a plea of *nullo est erratum* or by a motion to dismiss. We have held that such is the proper practice, and that where the sufficiency of a declaration is not questioned in the above manner or by some other proper mode recognized to test the validity thereof, on appeal no question of law can arise in the Appellate Court or in this court as to the sufficiency of the declaration. We have also indicated that it is incumbent upon a party to plead to the declaration in some manner, and if he is satisfied with the sufficiency of the declaration or motion and allegation of facts he should file a plea denying the truth of the facts stated in the declaration. There was no demurrer or plea to the declaration shown in this record. There is no counter-affidavit denying the facts. There is no demurrer to the evidence or sworn statement as to the facts made by appellant's attorney. The only thing that is claimed by appellee was done by way of resisting the new suit of appellant was simply to make the objection that the court had no jurisdiction to enter the order restoring the cause on the docket for the purpose of trial, and the only evidence in the record that such objection was made is the re-

cital of the order of Judge Smith by which it is claimed the cause was re-instated.  As the case stands, no question of law is presented on this record either as to the declaration or as to the sufficiency of the evidence.  It was purely a question of fact as to whether or not there was an error of fact committed by the court which culminated in a judgment or order dismissing the suit, and appellee has preserved no record entitling it to review or question the facts. There is therefore no question properly before this court as to whether or not the declaration stated, or whether the evidence proved, an error of fact in the former proceedings in support of the judgment or order.  The court pronounced judgment against the appellee and entered the order aforesaid, and it must be considered as without contest on the part of appellee, because the record does not disclose properly any defense or any objection to the court's order.  In order to preserve for review a ruling upon objections of a party, whether the same be as to the jurisdiction of the court or otherwise, such objections must be preserved by a bill of exceptions or its equivalent, under our Practice act.  Such objections or exceptions cannot be preserved by mere recitals in the judgment or order.  *Grand Pacific Hotel Co.* v. *Pinkerton,* 217 Ill. 61.

The order of Judge Smith re-instating the cause was entered more than five years before the present order was entered holding that Judge Smith had no jurisdiction to enter his order.  Judge Smith's order was not reviewed by writ of error, appeal or by *certiorari* proceedings, which are the modes we have pointed out by which such an order may be reviewed.  It was therefore binding on appellee, no matter how erroneous it may have been at the time it was entered.  Judge Smith decided that the motion disclosed an error of fact sufficient to reverse or recall the order of dismissal.  His jurisdiction was not taken away by reason of the fact that his conclusion was erroneous in any particular.  His error in holding the motion and the evidence

sufficient could only be corrected by a review of the order in some one of the methods pointed out above. The suit to recall the judgment of dismissal being entirely different and distinct from the suit originally brought and in which the new suit was begun before Judge Smith, appellee's cross-error questioning the rulings of Judge Smith cannot be considered at all. To entertain the consideration thereof would be, in substance, allowing appellee a review of the order of Judge Smith by the Appellate Court and this court which has long since been lost. Judge Morrill had no jurisdiction to review the order of Judge Smith re-instating the cause.

The contention of the appellee that the order of Judge Smith that the cause be restored on the docket and that it stand for trial in its regular order was ineffective to re-instate the cause cannot be sustained. When a case is restored on the docket, with an order that it stand for trial in its regular order, the effect of such order is to re-instate the cause that has been dismissed. The judgment was informal, but nevertheless it is effective to re-instate the cause.

We may state in conclusion that it is true that appellant's declaration in the new suit was subject to demurrer if one had been interposed. The facts therein stated were not errors of fact within the meaning of section 89 of the Practice act. Nevertheless, the order re-instating the cause is binding. Where a court has jurisdiction of the subject matter and of the parties, defects in the pleadings and in the proofs are not sufficient ground for reversing a judgment questioned collaterally. (15 R. C. L. 864.) The proceeding before Judge Morrill was a collateral attack. The cause re-instated continued so until it was again dismissed for want of prosecution before another circuit judge, and under a similar proceeding the cause was again re-instated under section 89, and properly so, and the order re-instating the cause a second time has not been questioned by appeal or otherwise. That was another final judgment re-instating

the cause. These are additional reasons why appellee should not be allowed to question the force and validity of Judge Smith's order.

The judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*