Edwina J. Albert, Appellant, v. Sidney Albert, Appellee.

Gen. No. 45,075.

Opinion filed May 8, 1950. Rehearing denied May 22, 1950. Released for publication May 23, 1950.

FRANK T. JORDAN, of Chicago, for appellant; STEPHEN J. SULLIVAN, of Chicago, of counsel.

ARTHUR and EDWARD GOLDBLATT, of Chicago, for appellees; ARTHUR GOLDBLATT, of Chicago, of counsel.

MR. PRESIDING JUSTICE TUOHY delivered the opinion of the court.

Plaintiff, Edwina J. Albert, filed her complaint against defendant, Sidney J. Albert, on June 11, 1947, in the circuit court of Cook county, and before the cause was reached for trial amended the complaint, praying divorce in lieu of separate maintenance. Defendant denied the material allegations of the complaint, and after a contested nonjury hearing the bill was dismissed for want of equity and an injunction theretofore issued against the defendant dissolved, from which decree plaintiff appeals.

Plaintiff contends that the decretal order is contrary to the evidence. The evidence shows that the parties were married March 27, 1933, and that three children, all living, of the ages of 12, 11 and 6, were born of the marriage. As to the specific acts of cruelty plaintiff testified that during the first week of March 1947, defendant struck her several times in the face and body, threatened her and called her opprobrious names; that subsequent to this occasion, while living

583

in the same home, they occupied separate rooms; that on June 2nd he dragged her out of the bedroom which she occupied with the children, in their presence, and into the bathroom where he forced her to submit to an unnatural act upon her person; that he struck her a number of times; that as a result of this occurrence her nightgown was torn to shreds and she was badly bruised. There is also testimony that on the 7th of June the defendant threatened to break her neck and that there was an altercation which resulted in the appearance of the police; that she left the home on that day and has continued to live separate and apart since that time. She testified that after the acts complained of in March and in June she displayed the resulting bruises to an aunt and to her mother, and that it was necessary to consult a doctor after the injuries incurred in the June attack. If the wife's testimony is believed, the acts of cruelty in June would revive the former acts testified to, even though condonation had intervened. *Teal v. Teal*, 324 Ill. 207.

The aunt testified that she viewed plaintiff's person around the date of March 7, 1947; that plaintiff was bruised on her face and breast; that plaintiff told the witness that her husband had "beat her up." The aunt also testified that she had a conversation with defendant in which he stated that he had struck his wife and was sorry for it, and did not know why he did it. The witness testified that she saw plaintiff in June of 1947, when she again had bruises on her face, had a black eye, bruises on her shoulders, and her nose was to one side, and that her back and arms bore bruises; that plaintiff said that defendant had dragged her into the bathroom and mistreated her, and that she (the witness) preferred not to relate the remainder of the disclosure. The mother's testimony was substantially the same as that of the aunt as to the physical condition of plaintiff's person in March and

584

June of 1947 and the connecting conversations with the daughter.

■ Defendant denied all the acts complained of with two significant exceptions. He did not deny that on one occasion he had told the aunt that he had struck plaintiff and he admitted that he struck her on the occasion of June 4th. He denied, however, that he had attempted any unnatural act, but admitted that he had attempted an act of sexual intercourse by force. Defendant was the only witness in his own behalf. The corroboration offered on behalf of the plaintiff, while it did not consist of testimony of eyewitnesses to the acts complained of and is dependent upon hearsay in order to connect the condition of plaintiff's person with the violence perpetrated by defendant, has been held to be proper. *Muir v. Muir,* 310 Ill. App. 443.

■ Toward the end of the trial the attorney for plaintiff stated that he would like to offer corroborative testimony by the twelve-year-old daughter Arlene of the June 4th attack on the plaintiff, but that he hesitated to call her to the stand. He suggested that the trial judge take the child into chambers out of the presence of both lawyers and interrogate her. The record shows that the witness was then taken into chambers, out of the presence of the parties and their counsel. What was said in chambers does not appear in this record. Attorney for the plaintiff, some weeks after the trial of the cause, offered a motion that the trial judge supply a written statement of the interrogation in chambers, or that in the alternative the plaintiff be allowed to attach to the record an affidavit of Arlene Albert purporting to record the proceedings which took place in chambers between the child and the judge. The court apparently made no ruling as to the competency of the affidavit but acceded to the attorney's request to allow it to be physically incorporated in the record. We have given no consideration

whatsoever to this document as on no theory can it properly be a part of the trial proceedings.

 We are concerned, however, with the action of the trial judge, then sitting as a trier of the facts, in receiving testimony bearing upon the issues of the trial then in progress, out of the presence of the attorneys and off the record. We have no possible way of knowing what was stated in chambers by the trial judge or Arlene Albert. What effect the child's statements had upon the trial court's decision in this case we cannot ascertain. The fact that this procedure was induced by the suggestion of the plaintiff and as a result of an agreement between the attorneys in no wise reaches the fundamental objection, which is that except for those matters of which the court may take judicial notice the deliberations of the trial judge are limited to the record made before him. *People v. Cooper,* 398 Ill. 468, 472. The procedure followed in the instant case has been condemned, not only in the case above cited, but also in *People v. McGeoghegan,* 325 Ill. 337. In the case of *Crabtree v. Hagenbaugh,* 23 Ill. 349, cited with approval in a number of later cases, the salutary rule applicable to trials in a court of law was stated in this language:

"The policy of the law requires, that all the proceedings of the court should be open and notorious, and in the presence of the party, so that if he is not satisfied with it, he may take exceptions to it, in the mode pointed out by the law, and not be put to extraneous proof to show that an error has been committed in a secret proceeding, and, in fact, out of court."

In that case, as in this, it is apparent that what was done by the trial judge was manifestly done with no improper motive, but so jealous are our courts of the constitutional guaranties of due process of law that the above case was reversed, even though it was found

that no harm resulted from the conduct of the judge in repairing to a jury room after the jury had retired. The evidence of cruelty in the instant case is strong, and, while some of the corroboration was not of the most satisfactory character, was competent. It was extremely important that plaintiff's right to have a record made of the trial be safeguarded. The action of the trial court jeopardized this right.

The decree of the circuit court of Cook county is therefore reversed and the cause is remanded.

*Reversed and remanded.*

NIEMEYER and FEINBERG, JJ., concur.