WILLIAM T. OKUMURA, d/b/a Edgewater Real Estate, Plaintiff-Appellant, *v.* NISEI BOWLIUM, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 62839

Opinion filed November 4, 1976.

Arthur J. Frank, of Chicago (Frank Associates, Ltd., of counsel), for appellant.

Richard K. Hikawa, of Chicago, for appellees.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, William T. Okumura, d/b/a Edgewater Real Estate, appeals from an order of the Circuit Court of Cook County granting a petition brought by defendants Nisei Bowlium, Inc. (Nisei), and Joe K. Sagami, pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72), to vacate a default judgment previously entered against defendants. Plaintiff contends on appeal that the trial court erred in vacating the judgment since defendants' petition was unsupported by affidavit, was presented without proper notice, and failed to allege either a meritorious defense or due diligence on the part of defendants.

The record on appeal is sparse. An order was entered on April 25, 1975, directing a defendant named in the original action, Chicago Title and Trust Company, as escrowee, to retain and pay out certain sums of money. The matter was also thereby continued to June 4, 1975, on plaintiff's motion. The order was labeled "agreed order" and was signed by an attorney for Chicago Title and Trust Company and by R. K. Hikawa as attorney for defendants Nisei and Sagami.

On June 4, 1975, plaintiff filed a notice of motion which had previously been mailed to each named defendant. The notice stated that on June 4 plaintiff would move for leave to file an amended complaint and service of process, to join an additional party and for judgment by default against defendants Nisei and Sagami for failure to appear or plead. An order was entered on June 4, 1975 granting plaintiff leave to join as defendant and serve process on Chicago Title and Trust Company as trustee, granting plaintiff leave to file an amended complaint, granting defendants Nisei and Sagami leave to appear and answer within 15 days, and continuing the hearing until June 26, 1975. The order was again labeled "agreed order" and was signed by R. K. Hikawa as attorney for defendants Nisei and Sagami. On June 26, 1975 an order was entered finding defendants Nisei and Sagami in default for "having failed to appear or plead or comply with the order of * * * June 4, 1975," and taking judgment against them for $24,750.

A hearing was held on July 28, 1975, on plaintiff's motion for a turnover order, and an order was entered that day continuing the hearing to August 1, 1975, and ordering that no additional notice be required. On August 15, 1975, on motion of defendant Nisei, the following order was entered: "It is ordered that defendant file appearance and answer on or before August 22, 1975 and defendant to have petition verified before filing in court. Also vacate judgment entered on June 26, 1975 and set for trial on Sept. 4, 1975 * * *. That this is a final order with respect to such judgments and there is no just cause to delay any appeal with respect thereto."

On August 20, 1975 Richard K. Hikawa filed a written appearance on behalf of defendants Nisei and Sagami. On August 26, 1975, plaintiff filed

a notice of appeal from the order of August 15, 1975, and on September 5, 1975, plaintiff filed a praecipe for record. On September 25, 1975, defendants filed a section 72 petition to vacate the June 25, 1975, judgment.

On appeal plaintiff alleges that on August 15, 1975, when he appeared before the trial court to examine Chicago Title and Trust Company on a citation to discover assets, an attorney for Nisei and Sagami who had still failed to file an appearance, answer or other pleading, presented the disputed section 72 petition to the court. Plaintiff also alleges that no copy of the petition nor any notice thereof had been conveyed to him prior to the date of presentation; further, that no supporting affidavit was attached to the petition which was unverified at that time.

We note that a written petition seeking relief under section 72 containing a jurat was filed with the clerk of the court on September 25, 1975, after plaintiff had filed his notice of appeal. However, defendants had already been granted relief on August 15, 1975, upon an unverified petition which the court at that time ordered to be verified before filing. We find that on August 15, 1975, the court erred in vacating the judgment since it did not have a proper pleading before it upon which to grant such relief.

■■ ■ Section 72 of the Civil Practice Act provides a statutory procedure by which a litigant may seek relief from a judgment in the trial court more than 30 days after its entry; that is, when that court may no longer review and change its judgment. Although the petition must be filed in the original proceeding, it is not a continuation thereof but is the commencement of a new cause of action. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294; *Mutual National Bank v. Kedzierski* (1968), 92 Ill. App. 2d 456, 236 N.E.2d 336; Ill. Rev. Stat. 1973, ch. 110, par. 72(2).) As such, it constitutes the moving party's pleading, and under long-established rules such petition must be in writing. (*Harris v. Chicago House Wrecking Co.* (1922), 226 Ill. App. 220, *rev'd on other grounds* (1924), 314 Ill. 500, 145 N.E. 666; *Wagener v. Western Electric Co.* (1919), 213 Ill. App. 326.) Insofar as the petition is considered a pleading in a new action it must be filed as other pleadings in the manner provided by the Civil Practice Act. (See Ill. Rev. Stat. 1973, ch. 110, pars. 13 and 72(2).) To constitute filing, the document must pass into the exclusive custody and control of the clerk to be made part of the court records. (*Hamilton v. Beardslee* (1869), 51 Ill. 478.) A document not properly a part of the trial court proceedings is dehors the record and may not be considered by this court on review. (*Albert v. Albert* (1950), 340 Ill. App. 582, 92 N.E.2d 491.) We find that the instant petition was not filed and part of the court records at the time relief was granted. The trial court upon granting relief stated that the document was to be verified before filing. The petition

was filed more than 30 days after relief was granted, at a time when plaintiff had already filed a notice of appeal. We must consider the matter as it existed at the time the order granting relief was entered. We find that at that time the trial court considered a document which had not been filed, received in evidence, nor otherwise made a part of the record. It was in the nature of an unverified petition without supporting affidavit or other showing of matters not of record. We conclude that such document is insufficient to support section 72 relief.

■■ The statute clearly provides that "[t]he petition must be supported by affidavit or other appropriate showing as to matters not of record." (Ill. Rev. Stat. 1973, ch. 110, par. 72(2).) In the instant case defendants argue that there is no absolute requirement that the facts be set forth exclusively by affidavit and that here the petition itself serves as an affidavit. We note that the petition was allegedly signed by defendants' attorney on August 15, 1975, when relief was granted, but as stated by the trial court, it was not then verified. The petition filed on September 25, 1975, however, contains a jurat bearing the date August 5, 1975, and the signature and seal of a notary public. However, the petition nowhere states nor indicates that defendants' attorney who signed the petition had personal knowledge of the statements contained therein. An affidavit by definition requires personal knowledge of the affiant, and allegations in support of a section 72 petition unsworn to by a party with personal knowledge renders the petition inadequate and insufficient at law. (*Amerco Field Office v. Onoforio* (1974), 22 Ill. App. 3d 989, 317 N.E.2d 596.) We therefore find that even at the time it was filed, the petition was insufficient to support the relief granted.

For the foregoing reasons we conclude that the document tendered to the court on August 15, 1975, was so defective that it cannot support the order entered on that date, and we need not reach the other matters raised by plaintiff relative to the sufficiency of the petition. In the absence of a proper pleading the relief granted was unwarranted; accordingly, the order of the Circuit Court of Cook County is reversed and the judgment is reinstated.

Reversed and judgment reinstated.

McNAMARA and McGLOON, JJ., concur.